IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER G. SEBALA, ) | CIV. NO. 04-00404 SPK/LEK |
| Plaintiff, ) | |
| v. ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII |
| RANDELL NUNES; JAMES G. ROCHE, DR., SECRETARY, DEPARTMENT OF THE AIR FORCE, ) | MAR 1 6 2005 at 1 o'clock and 55 min P M. WALTER A.Y.H. CHINN, CLERK |
| Defendants, ) | |

## ORDER DENYING MOTION TO DISMISS

Defendant James Roche, in his capacity as Secretary of the Air Force, moves to dismiss this employment discrimination suit for Plaintiff's failure to exhaust administrative remedies in a timely manner because Plaintiff did not contact an Equal Employment Opportunity counselor within 45 days of notification of his non-selection, as required by 29 C.F.R. 1614.105(a)(1).[1]

It is undisputed that Plaintiff did not contact an EEO Counselor until 71 days after notification of non-selection. He apparently was 26 days late. However, the record indicates that, immediately after receiving notification of non-selection,

---

[1] Defendant Nunes has been dismissed by stipulation.

1

EXHIBIT E

Plaintiff made the following attempts to exhaust administrative remedies: (1) contacted the civilian personnel office several times, where he was told to call his supervisor or "hiring body" to complain about age discrimination, (2) contacted the federal job information line, (3) contacted his supervisor, who told him to "go ahead" and file a complaint, presumably about age discrimination, (4) contacted the "Work Links Veteran's Outreach Program," which referred him to a labor and hiring office, which advised him to write to his congressional delegation, (5) wrote to Senators Inouye and Akaka, (6) wrote to Congressmen Abercrombie and Case, and (7) contacted a different Veteran's Affairs office, which referred him back to a base personnel office. All these efforts were apparently made during a 45-day period after notification of non-selection and were made without the benefit of counsel. It was only after receiving a copy of a letter by the base commander addressed to Senator Akaka (which letter stated that "should Mr. Sebala wish to initiate an EEO complaint for age or marital status discrimination, he should contact our Chief, EEO Counselor, Ms. Jana Dove") that Plaintiff contacted an EEO counselor. He immediately contacted Ms. Dove on June 19, 2003 -- only a week after the letter was dated.

Under these circumstances, the Court finds that equitable tolling should apply. The initial contact with an EEO counsel was only about three weeks late.

2

Plaintiff has demonstrated diligence in efforts to contact an appropriate source to complain about discrimination in his non-selection. The evidence is that he contacted the personnel office as well as his supervisor (who allegedly discriminated against Plaintiff by Plaintiff's non-selection), but was never told he needed to contact an EEO counselor. Plaintiff was not otherwise aware of the requirement. Although those sources do not have an affirmative duty to notify a complainant about the EEO counselor requirement, Plaintiff has alleged that at least one (his supervisor who did not select him for the position in question) was himself responsible for the alleged discrimination. The Court has the power to toll the statute of limitations for equitable reasons where diligence was demonstrated and there will be no prejudice to the defendant on the merits. See, e.g., 29 C.F.R. 1614.105(a)(2); Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir. 2003); Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997); Ross v. United States Postal Service, 696 F.2d 720, 722 (9th Cir. 1983). The Court exercises its discretion and finds the 45-day period within which to present a claim to an EEO counsel for informal resolution should be tolled to include the claim initiated on June 19, 2003 [See Exh. J to Plaintiff's

Memorandum in Opposition to Defendant's Motion to Dismiss].[2]

Accordingly, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated:   Honolulu, Hawaii, __16 March__, 2005.

_____
SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

Sebala v. Nunes, Civ. No. 04-00404SPK/LEK, Order Denying Motion to Dismiss

---

[2] Defendant no longer challenges the timeliness of the suit based upon the alternate ground that it was filed after the 90-day filing deadline in 42 U.S.C. § 2000e-16(c). The suit was filed within 90 days of the May 11, 2004 denial by the EEOC.

4

Case: 1:04-cv-00404

Venetia K. Carpenter-Asui, Esq.
Haseko Building
820 Mililani St Ste 812
Honolulu, HI 96813