**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Rep Ed Case
   415 S Beretania St
   Hnl 96813

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _Yvonne Kearns_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Yvonne Kearns   5-16-03

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article N(
   (Transfer

PS Form 3                                            5-02-M-1035

---

HONOLULU P&DC ×2× 05/16/03 ×23
UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box •

   PETER G SEBALA
   1399 CALIFORNIA AVE
   96786

EXHIBIT  h                000095

April 28, 2003

Dear Congressmen,

My name is Peter Gerald Sebala. I am a Viet Nam Vet. and I've have applied in the last three months for two job openings at H.A.F.B. The first application was for a gardener position. The second application was for a vehicle moble equipment servicer tire shop. I was checking on my applications and found that I was by passed twice. The gardener job was given to a non Vet over a Vet. I called civilian personel employment and questioned why a non Vet got hired over me. Beverly, at personel said there should have been a block on that and would check on it. The following day Beverly called me back and told me that I had scored low on my application. I didn't understand, a non Vet over a Vet.

I have an agricultural back ground. I worked at Oahu Sugar Co. first as a seed cutter and planter of sugar cane, also irrigated, fertilized and treated fields with pesticides etc. I worked at Del Monte Pineapple every summer while in High School. From what I've been told, he is a young man of his early twenties.

I have called Civilian Personel at H.A.F.B, Tanya Stels-Randolf A.F.B, Vet Affairs, Melody Hudson-Work Link-Vet out reach program, Gill Hough-Laboring and Hiring and Federal Job Information. I have a situation that needs help. I am 53 years old and going in circles.

The Second Job was for a Vehicle moble Equipment servicer tire shop. I was hired for this job in January 28, 2002 and worked until January 28, 2003 as an emergency hire. I was told this job would be terminated then would reopen for a permanent position. I had reapplied and was considered but didn't get the job. I talked to Randy Nunes and asked him why Cris over me. I worked there one whole year. Cris and I were hired at

000091

the same time. Randy said he picked the best qualified person.. I told him I have 24 to 25 years experience. Cris is 24 to 25years old. I've worked with tires longer then he's been alive. How much more experience do I need. Randy said Cris had his tire experience in the service. I've got nothing against this person, we worked together for one year. I will put all my experience against his any day. I do want to work and I think I'm being discriminated. I told Randy Nunes I just wanted inforation to follow up on this matter and he said go ahead. Randy had also said that he could use Cris in the body and fender shop. Plus he is young and has a family. Isn't this age discrimination? Body and fender was not on the job application. I have a person that would swear on those words from Randy. I also feel its a personal grudge he has on me. I was there about 3 to 4 months and filed a grievance on him and he never got over it. I'm 53 years old and I have another 10 to 15 good years left and I don't want to waste them. It hurts me very much that I'm healthy and strong and struggling to pay my bills. I'm going in circles, PLEASE HELP!

Thank you,

Peter G. Sebala



**DEPARTMENT OF THE AIR FORCE**
PACIFIC AIR FORCES

2003 JUN 16  AM 9: 19          12 JUN 2003

Colonel Raymond G. Torres
Commander, 15th Airlift Wing
800 Scott Circle
Hickam AFB HI  96853-5328

The Honorable Daniel K. Akaka
United States Senator
Prince Kuhio Federal Building, Suite 3106
P. O. Box 50133
Honolulu HI  96850

Dear Senator Akaka

   This is in response to your inquiry on behalf of Mr. Peter Sebala, a veteran, who is seeking employment at Hickam Air Force Base, Hawaii.  Mr. Sebala applied for two permanent positions - a Gardener, WG-4, at the 15th Civil Engineer Squadron, and a Mobile Equipment Servicer, WG-6, at the 15th Logistics Readiness Division.

   In November 2002, the Air Force Personnel Center (AFPC), Delegated Examining Unit (DEU), issued an open competitive announcement (open to the general public) for the Gardener, WG-4, position.  There were a total of 60 applicants, of which 15 candidates were found qualified.  Mr. Sebala's experience as a gardener/landscaper was considered and he received an augmented score of 90 (85 plus his 5-point veteran's preference points).  However, there were five other candidates (one veteran and four nonveterans), whose experience reflected a greater breadth and scope in gardening and fertilizing techniques that earned a score of 100.  Civil Service Rule (5 CFR 332) provides for the referral of the top three candidates.  As such, Mr. Sebala was not within reach for referral.  The veteran referred was selected but subsequently declined our position offer.  The position was then offered to a nonveteran candidate who was among the top three candidates.  The selection was not based on age, but based on the quality of experience and made in accordance with competitive examining rules.

   As indicated in Mr. Sebala's letter, he was employed as a Mobile Equipment Servicer at Hickam AFB from 28 Jan 02 to 27 Jan 03 on a temporary appointment.  When the position was filled on a permanent basis in March 2003, Mr. Sebala's resume was among the three referred to the selecting official.  All candidates possessed the mobile equipment servicer and tire

EXHIBIT I          000072

mounting experience required. In addition, the other candidates possessed higher-level skills in the trade; i.e., automotive mechanic experience or broader scope of experience in mobile equipment servicing. A review of the selection process reflects that it was properly conducted in accordance with all applicable rules and regulations. Management had the right to select from any of the candidates referred and was under no obligation to rehire Mr. Sebala. The selecting official did not use age or marital status as a basis for the selection. A records review in both the personnel office and the Equal Employment Opportunity (EEO) office did not reveal any grievance or complaint being filed by Mr. Sebala. Should Mr. Sebala wish to initiate an EEO complaint for age or marital status discrimination, he should contact our Chief, EEO Counselor, Ms. Jana Dove, at 449-6451.

I hope this provides sufficient information to respond to your constituent and appreciate your concern in this matter.

Sincerely

RAYMOND G. TORRES, Colonel, USAF



**DEPARTMENT OF THE AIR FORCE**
PACIFIC AIR FORCES

12 August 2003

MEMORANDUM FOR MR. PETER SEBALA
                            1399 CALIFORNIA ST.
                            WAHIAWA, HI 96786

FROM:  15 AW/CCD
           990 Scott Circle
           Hickam AFB HI 96853-5328

SUBJECT: Receipt of Formal Discrimination Complaint Agency Docket #9Q0R03-041

1. This acknowledges receipt in this office of your original formal Complaint of Discrimination on 11 August 2003. It is noted for the record that the postmark was 7 August 2003.

2. The written EEO Counselor's Report has been made a part of the official complaint file. Your copy is attached.

3. Within 30 calendar days from the date of formal filing, the Wing Commander will send you a written notice of issues to be either dismissed (if any) or accepted for investigation. You will be provided with appeal rights, if any, throughout the process.

4. The Air Force is required to conduct a complete and fair investigation of your complaint within 180 days of the filing of the complaint, unless you agree in writing to extend the time period. When a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to complaint or 360 days after the filing of the original complaint, except that a complainant may request a hearing from an administrative judge on the consolidated complaints any time after 180 days from the date of the first filed complaint.

5. I can be reached at (808) 449-6451, fax 448-0523, mailing address 15 AW/CCD, 990 Scott Circle, Hickam AFB, HI 96853-5328, or email jana.dove@hickam.af.mil.

                                                          JANA M. DOVE
                                                          EEO Manager, 15th Airlift Wing

Atch:
EEO Counselor's Report

EXHIBIT J    000010

| EEO COUNSELOR'S REPORT | HICKAM AFB HI, DOCKET – 9Q0R03041 | | |
|---|---|---|---|
| Charging Party (CP)<br>Peter Sebala | Wk Tel<br>808- | Hm Tel<br>808-622-7533 | Job Title/Series/Grade<br>Applicant |
| CP's Work Address | | CP's Home Address<br>1399 California Ave., Wahiawa, HI 96786 | |
| Rep's Name/Addr/Tel | | | |

Checklist: The CP: did not file with the MSPB; initially wanted anonymity, then changed his mind; did not file a Union Grievance; did not have a Representative during counseling; did no request compensatory damages

| Date of Discrimination<br>April 7, 2003 | Initial Contact<br>June 19, 2003 | Initial Interview<br>June 24, 2003 | Final Interview<br>July 31, 2003 |
|---|---|---|---|

BASIS(ES) OF COMPLAINT (State Age, Race, Color, etc.)

| Age: 53 (DOB: 27 Aug 49) | Natl Org | Sex | Race | Reprisal | Color | Religion | Disability |
|---|---|---|---|---|---|---|---|

**CP'S ALLEGATIONS (ISSUE(S)):**
Complainant is alleging non-selection based on his age (53). Notice of nonselection occurred on 7 April 2003 for the position of Mobile Equipment Servicer WG-5806-06 in 15 LRD-LGR-VMG. Non-selection decision was that of Mr. Randy Nunes (age: 53 (DOB: 30 Sep 49)). The selectee was Mr. Christopher Vargas (age: 26 (DOB 16 May 77).

**CP'S REQUESTED REMEDY(IES):**
Would like a job; and appropriate Acton taken against Mr. Nunes.

**EEO COUNSELOR INFORMATION**

| Report Requested by CCD<br>12 August 2003 | Report Completed<br>12 Aug 2003 | Date Report Submitted to CCD<br>12 August 2003 |
|---|---|---|

| Counselor's Name<br>Jana M. Dove | Counselor's Signature |
|---|---|

Counselor's Work Address, Tel and Fax
15AW/CCD, 990 Scott Circle, Hickam AFB, 808-449-6451, 448-0523 fax

1  **Witnesses:** The following witnesses were interviewed:
2  Complainant: Mr. Peter Sebala (cell 622-7533)
3  Selecting Official: Mr. Randy Nunes (449-7467)
4  Staffing Specialist: Ms Bev Murakami (449-0130)
5  Second Level Supv: Mr. Tim Peris (448-0103)
6
7  **Documents Reviewed (not attached but maintained in complaint folder):**
8  a. Sebala copy of SF-50 for his temporary NTE 1 year appointment to the Mobile Equipment
9     servicer (WG-5806-06)
10 b. Sebala copy of Position Description for Mobile Equipment servicer (WG-5806-06) position
11 c. Sebala copy of Notice of Non-selection dtd 7 April 2003
12 d. Copy of Responses to Ed Case/Daniel Akaka Congressional Inquiries dtd 12 June 2003
13 e. Workforce Profile as of Mar 03
14 f. Recruitment Documentation for Vacancy Announcement HAFB03BM43 Mobile Equipment
15    Servicer (WG-5806-06)

000011

16    1) Vacancy announcement
17    2) Core Document #8C03420 dtd 28 Feb 00
18    3) Civilian Personnel's Instructions for Selection to Selecting official
19    4) Candidate Referral forms for Vargas, Sebala and Mccollom
20    5) Vargas SF50 showing selection effective date
21    6) Applicant Briefs for Vargas, Sebala, Mccollum, Zimmerman (not referred), and Cevantes
22       (not referred)
23  g. AFMAN 36-205 1 Apr 00 Merit Promotion Chapter

**Counseling Fact-finding:**
1. Background: On or about 6 June, the EEO Office was notified that the IG office had received a congressional inquiry from Sen. Akaka about Mr. Sebala's letter to him alleging, among other things, illegal discrimination in his non-selection for two positions. Because the Congressional alleged illegal discrimination, the IG and Civilian Personnel Offices coordinated their responses to the Congressional with the EEO Office. During the response time, a second identical Congressional was filed with Sen. Ed Case. At that point, Mr. Sebala had made no contact with any EEO Official. The responses to the Congressmen stated that should Mr. Sebala wish to initiate an EEO complaint, he should contact Hickam's Chief EEO counselor. Upon receipt of the Congressmen's responses to Mr. Sebala, Mr. Sebala contacted the EEO Manager on 19 Jun 03 to schedule an intake interview on 24 Jun 03.
2. Fact-finding:
    a. During the intake, Mr. Sebala stated that he applied and was selected for a temporary NTE 1 year job in the tire shop from Jan 2001 to Jan 2003. He was laid off at the end of that appointment. When the same position (the one he occupied as a temporary) was advertised as a permanent position, he applied for the position, was referred, but was not selected. He received a notice of non-selection (dated 7 April) on 8 Apr 2003. He said that the selectee was Chris Vargas, an employee from the preventive maintenance shop. Mr. Sebala said Mr. Vargas was not as well qualified as Complainant for the tire shop position. He said that he heard from friends in the shop that Mr. Vargas is undergoing training in order to do the job Mr. Sebala had been non-selected.
    b. When I asked why he felt he had been non-selected, Mr. Sebala said because "they don't like me for some reason", that they (Mr. Nunes) had "gassed him" (defined as "gave him a hard time") about Mr. Sebala calling in sick, and that he had filed a Union grievance that went only to level 1. He said that the Union steward, Ron Henderson, never followed up on the grievance but that he did not withdraw the grievance. I explained that unless he believed the non-selection to be illegal discrimination, he did not really have venue in this office. He said that he wanted EEO counseling regardless, that it might be age discrimination because the selectee was a young man with a new family, and his father-in-law (Ricky Padua) worked in the next shop. Mr. Sebala said he thought it was a "fix up" (favoritism/nepotism).
    c. When asked why he chose to write to his congressional representative and allege discrimination rather than contact the EEO Office to file an EEO complaint, he said that since he was not really sure it was discrimination, he did not contact the EEO office.
    d. Selecting Official, Mr. Nunes stated that he did not consider age in the selection decision. He stated that he selected Mr. Vargas because he (Mr. Nunes) had observed Mr. Vargas at his worksite, and knew that Mr. Vargas demonstrated appropriate skills (in particular "M series" tires), completed tasks in a timely manner, and demonstrated a high level of independence in finding tasks to keep himself busy during the work day. Mr. Nunes further stated that he had to conduct some training with Mr. Sebala but that his skills were sufficient. The primary reasons he did not select Mr. Sebala was that he was slow in completing tasks, that he did not take the initiative in to get follow-on tasks, he failed to maintain appropriate documentation (regulations, sign off sheets) as required, and that he did not work independently – meaning that if he completed an assignment, Mr. Nunes had

69  to find him to give him the next work assignment (lacked initiative). Mr. Nunes also stated
70  that he had reports that Mr. Sebala failed to take direction from acting supervisors when
71  Mr. Nunes was out of the worksite. Mr. Nunes said he talked to Mr. Sebala about the
72  problems but did not document or otherwise discipline his deficiencies. He said that the
73  production records maintained in VIMS program would support Mr. Sebala's production.
74
75  Mr. Nunes further stated that he does not hire many people very often (has only been a
76  supervisor for 3 years and there have been few vacancies that were not affected by the
77  Stopper list). However, he said he hired Mr. Sebala as a temporary, Mr. Gamboa, and 2
78  stopper candidates who were all over the age of 40.
79
80  e. This is a primarily wage grade workgroup that does vehicle maintenance. I reviewed the
81  ages of the employees in the tire shop. Of the 8 employees, all but the selectee are over
82  the age of 40 (one is 45, one is 49, one is 52, two are 54, one is 56, and one is 59.)
83  f. I interviewed Ms Murakami who provided the vacancy documentation. She also
84  commented that she had discussions with Mr. Nunes about his concerns about Mr. Sebala.
85  She said she had recommended to Mr. Nunes that Mr. Sebala be terminated if his
86  performance was deficient, but Mr. Nunes decided to just let the term appointment expire
87  rather than terminate.
88
89  **Resolution Attempts:** Mediation was offered to both parties but there was no common point for
90  opening dialogue. Efforts to resolve were unsuccessful.
91
92  **Summary of Information provided to Complainant:**
93
94  I gave Mr. Sebala his final interview on 31 July 2003. I provided him a brief synopsis of the
95  findings. He asked me to find out why, if all that Mr. Nunes said was true about Mr. Vargas, why
96  was Mr. Vargas reassigned into the body shop. Mr. Sebala indicated that one of his former co-
97  workers had mentioned the reassignment. I concluded the final interview but said that I would
98  check into the situation.
99
100  Specific to that question, Mr. Nunes informed me that he asked for volunteers to rotate into the
101  body shop due to a shortage of labor (2 employees are out on worker's comp/light duty) in that
102  shop. Mssrs. Vargas, Nishimura, and Oyadomari volunteered to rotate. Mr. Vargas, based on his
103  prior military experience, has been temporarily detailed (promoted) to automotive painter. The
104  other two employees are not eligible for temporary promotions but are or will be officially detailed
105  to ensure they get credit for the work experience. When Mr. Nunes needs tire work done, he
106  brings the employees back into the tire shop. He further stated that once the labor shortage due
107  to the workers' comp issues are resolved, Mr. Vargas will be returned to the tire shop. I
108  interviewed Ms Murakami and Mr. Tim Peris (Mr. Nunes supervisor) who both confirmed the
109  information provided by Mr. Nunes.
110
111

000013



DEPARTMENT OF THE AIR FORCE
PACIFIC AIR FORCES

2 7 AUG 2003

MEMORANDUM FOR PETER SEBALA
                             1399 CALIFORNIA ST.
                             WAHIAWA, HI 96786

FROM: 15 AW/CC
         800 Scott Circle
         Hickam AFB HI 96853-5328

SUBJECT: Notice of Dismissal of Formal Complaint of Discrimination Base Docket
                 9Q0R03-041

1. We are in receipt of your formal complaint of discrimination dated 4 August 2003, postmarked 7 August 2003, and received in this office on 11 August 2003. For the record, you were issued a Notice of Right to File on 31 July 2003 that you received on 2 August 2003. Your formal complaint is considered filed in a timely manner (29 C.F.R. §1614.106(b)).

2. Your formal complaint alleges that management illegally discriminated against you on the bases of age (DOB: 27 Aug 49) and reprisal when, on 7 April 2003, they did not select you for the position of Mobile Equipment Servicer (WG-5806-06), vacancy announcement HAFB03BM43.

3. <u>Disposition</u>: We dismiss the complaint in its entirely for failure to comply with applicable time limits set out in 29 C.F.R. §1614.107(a)(2). You did not contact an EEO counselor until 19 June 2003, 73 days after your notice of non-selection (encl. 1). This exceeds the 45-day requirement established under 29 C.F.R. §1614.105(a)(1).

Additionally, we dismiss the claim on the basis of reprisal. There is no written record in the EEO Office that you have previously engaged in protected activity as defined by 5 CFR 1614. Additionally, you stated during intake that prior to this complaint, you have never filed an EEO complaint, otherwise participated in a EEO complaint (i.e., witness, counselor, or representative), and that you have not objected to a discriminatory practice in the workplace. More specifically, you stated that you think Mr. Nunes does not like you because you filed a step 1 grievance in November 2002 against him regarding a dispute over use of sick leave (encls. 1, 2).

4. Section 1614.105(a)(2) requires that an agency extend the 45-day time limit when the complainant shows that (a) he was not notified of the time limits and was not otherwise aware of them, (b) that he did not know and reasonably should not have know that the discriminatory matter or personnel action occurred, (c) that despite due diligence he was prevented by circumstances beyond his control from contact the counselor within the time limits, or (d) for other reasons considered sufficient by the agency.

EXHIBIT K    000009

7951



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

MAY 06 2004

REQUEST FOR RECONSIDERATION

Peter Sebala
1399 California Ave
Wahiawa, HI  96786

RE: Air Force, Dept of
Docket #  : 05A40728
Assoc #   : 01a40072
Agency #1: 9Q0R03041
Agency #2:
Agency #3:
Filed     : 042104

Dear Mr. Sebala:

Your request for reconsideration has been docketed and assigned the docket number listed above. Please refer to the docket number on all correspondence to this office.

The Commission, in its discretion, may grant the request if the party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. 29 CFR 1614.405(b)(1) & (2).

You were required to submit any supporting documents or brief at the time the request was filed. The opposing party shall have 20 days from the date of service in which to submit any brief or statement in opposition. Such brief or statement must be served on the requesting party and proof of service must be included with the submission to the Office of Federal Operations. The Commission will accept statements or briefs in opposition to a request by facsimile transmission (fax number 202-663-7022) provided they are no more than ten (10) pages long.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

cc: Air Force, Dept of
    SAF/MRBA
    1535 Command Dr., #E309
    Andrews AFB, MD  20762-7002

EXHIBIT L

THUAN  550 4991
       5951

000006



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

*T HUAN*
*5504991*

*SEBALA*
*7951*

Peter Sebala,
Complainant,

v.

Dr. James G. Roche,
Secretary,
Department of the Air Force,
Agency.

Request No. 05A40728

Appeal No. 01A40072
Agency No. 9Q0R03-041

## DENIAL OF REQUEST FOR RECONSIDERATION

Peter Sebala (complainant) timely initiated a request to the Equal Employment Opportunity Commission (EEOC or Commission) to reconsider the decision in *Peter Sebala v. Department of the Air Force*, EEOC Appeal No. 01A40072 (March 17, 2004). EEOC Regulations provide that the Commission may, in its discretion, reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

After a review of complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A40072 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request for reconsideration.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or

y

2                                                                                    05A40728

"department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

MAY 11 2004
Date

### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAY 11 2004
Date

Equal Opportunity Assistant

- 000002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was or will be duly served upon the following counsel at their last know address via hand delivery and/or U.S. Mail, postage pre-paid as follows:

TO: R. Michael Burke, Esq.
Office of the U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6-100
Honolulu, Hawaii 96850

Attorney for Defendant
RANDELL NUNES; JAMES G. ROCHE, DR.,
SECRETARY, DEPARTMENT OF THE AIR FORCE

DATED: Honolulu, Hawaii, February 25, 2005.

_____
VENETIA K. CARPENTER-ASUI
Attorney for Plaintiff
PETER G. SEBALA