EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE 1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: 541-2850
Facsimile: 541-3752
E-mail: Mike.Burke@usdoj.gov

Attorneys for Defendant
Secretary, U.S. Air Force

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER G. SEBALA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES G. ROCHE, DR., SECRETARY, DEPARTMENT OF THE AIR FORCE,<br><br>Defendants. | CIVIL NO. 04-00404 SPK-LEK<br><br>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SELECTEE'S POST-EMPLOYMENT WORK HISTORY; CERTIFICATE OF SERVICE<br><br>Trial Date: February 7, 2006<br>Judge: Samuel P. King |

DEFENDANT’S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF SELECTEE'S POST-EMPLOYMENT WORK HISTORY

Comes now James G. Roche, Secretary of the United States Department of the Air Force (“the Air Force”), by and through the United States Attorney for the District of Hawaii, and moves this Court for an order prohibiting the Plaintiff from introducing any evidence or eliciting any testimony reflecting Mr. Chris Vargas’s work performance or disciplinary history after

he was hired into a position as a Mobile Equipment Servicer, WG-5806-06, with the 15th LRD/LGR at Hickam AFB, HI in April 2003.

DATED: January 17, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ R. Michael Burke

R. MICHAEL BURKE
Assistant U.S. Attorney

Of Counsel:

ERIN BREE WIRTANEN, Maj, USAF
Trial Attorney
Air Force Legal Services Agency
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER G. SEBALA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES G. ROCHE, DR., SECRETARY, DEPARTMENT OF THE AIR FORCE,<br><br>Defendant. | CIVIL NO. 04-00404 SPK-LEK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served upon the following at their last known addresses:

Served by First Class mail January 17, 2006

Venetia K. Carpenter-Asui, Esq.
Haseko Center
820 Mililani Street, Suite 812
Honolulu, Hawaii 96813

Attorney for Plaintiff
Peter G. Sebala

DATED: January 17, 2006, at Honolulu, Hawaii.

/s/ Myra Peterson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER G. SEBALA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES G. ROCHE, DR., SECRETARY, DEPARTMENT OF THE AIR FORCE,<br><br>Defendants. | ) | CIVIL NO. 04-00404 SPK-LEK<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SELECTEE'S POST-EMPLOYMENT WORK HISTORY |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SELECTEE'S POST-EMPLOYMENT WORK HISTORY

I. RELEVANT FACTUAL ALLEGATIONS

1. Plaintiff Peter G. Sebala applied and was not selected for a permanent position as a Mobile Equipment Servicer, WG-5806-06, with the 15th LRD/LGR at Hickam AFB, HI on April 7, 2003 which serves as the basis for this case.

2. Mr. Randall Nunes hired plaintiff and was his supervisor for one year while plaintiff was employed as a temporary Mobile Equipment Servicer, WG-5806-06. Plaintiff worked in this position was from January 2002 to January 2003.

3. Mr. Randall Nunes had observed plaintiff’s work ethic and demeanor on a day-to-day basis for one-year period of time. Mr. Nunes had noticed instances where plaintiff did not demonstrate a strong work ethic and had a poor attitude towards authority.

4. Mr. Nunes was the selecting official for the Mobile Equipment Servicer, WG-5806-06, permanent position that was announced in March 2003.

5. Mr. Nunes was provided with applications and resumes of three applicants. Both plaintiff and Mr. Vargas's applications were included in the package provided to Mr. Nunes.

6. Instead of hiring plaintiff, Mr. Randall Nunes hired Mr. Christopher Vargas into the aforementioned position. This decision was based on Mr. Nunes' negative interaction with plaintiff and Mr. Vargas' application, resume, and previous work performance in a temporary position on Hickam AFB, HI.

7. Mr. Vargas began work in the Mobile Equipment Servicer, WG-5806-06, position in May 2003. Since beginning this position, Mr. Vargas has received counselings for misconduct. Mr. Vargas has also received appraisals for his performance in the position.

8. Plaintiff's action in this Court was filed on July 7, 2004, alleging national origin and age discrimination. The national origin claim was stipulated to be dismissed with prejudice.

II. ARGUMENT

Defendant James Roche asks this honorable court to limit the evidence that will be presented at trial to the facts the Selecting Official had available to him at the time he made

the decision about who to hire for this job. Evidence relating to how Mr. Vargas performed after being selected was not available to the Selecting Official and is therefore not relevant to the issues of this case. Based on the principal of judicial efficiency, defendant brings forth this motion to preclude testimony or evidence in any form related to the witness Mr. Christopher Vargas's work performance and disciplinary history from April 2003 to present.[1]

It is defendant's claim of nondiscriminatory basis that the selecting official, Mr. Randall Nunes, made a decision about whom to hire into the Mobile Equipment Servicer, WG-5806-06 position based on upon the applications, resumes, and any prior knowledge he had of the applicants at the time of hiring in April 2003. Mr. Nunes had knowledge that Mr. Christopher Vargas had in the past been a good employee and took his performance history into consideration.

Mr. Vargas' work history and disciplinary matters <u>after</u> he was hired into the position of Mobile Equipment Servicer, WG-5806-06 are not relevant and should not be considered in accordance with Federal Rules of Evidence [FRE] Rule 401 which states;

---

[1] During depositions taken by plaintiff, a majority of their questioning related to Mr. Vargas's work history and performance after being hired in the Mobile Equipment Servicer, WG-5806-06 position. In the interest of judicial efficiency and preventing several hours of irrelevant testimony, defendant brings forth this motion.

> ‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The issue is not who, based upon later history, *would have been* a better employee in the Mobile Equipment Servicer, WG-5806-06 position. The issue is whether defendant illegally discriminated against plaintiff on the basis of his age by hiring Mr. Vargas instead of the Plaintiff. The evidence that is relevant is any and all information the selecting official had *at the time* of making the hiring decision. At the time Mr. Nunes made the hiring decision, Mr. Vargas had positive feedback from his supervisor. Mr. Nunes had no way of knowing that Mr. Vargas whether would have disciplinary problems later on. To allow evidence of Mr. Vargas’s actions after the hiring decision was made would be equivalent to requiring the selecting official to have the ability to predict the future. Instead, the law requires this trial to be focused on what the selecting official knew at the time he made the hiring decision.

The court is not in a position to weigh the wisdom of any particular employment decision. “The employment discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or the fairness of the business judgments made by employers, except to the extent those judgments involve

intentional discrimination." Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).

Mr. Vargas's performance after being hired into the position is clearly not relevant to establish any consequential fact in this case. Although plaintiff may argue that Mr. Vargas's disciplinary problems in that position demonstrated his lack of qualifications to be hired initially, this argument is obviously flawed. The hiring decision was made based on the information the selecting official had at the time. If Mr. Vargas had embellished his qualifications, or was less qualified than represented on his application, this does not demonstrate pretext or an improper hiring decision by the selecting official.

III. CONCLUSION

Based on the aforementioned reasons, defendant Roche moves this Court for an order prohibiting plaintiff Sebala from introducing any evidence or eliciting any testimony reflecting Mr. Chris Vargas's work performance or disciplinary history after he was hired into a position as a Mobile Equipment Servicer, WG-5806-06, with the 15th LRD/LGR at Hickam AFB, HI in April 2003.

DATED: January 17, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ R. Michael Burke

R. MICHAEL BURKE
Assistant U.S. Attorney

Of Counsel:

ERIN BREE WIRTANEN, Maj, USAF
Trial Attorney
Air Force Legal Services Agency
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403