EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE  1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: 541-2850
Facsimile: 541-3752
E-mail: Mike.Burke@usdoj.gov

Attorneys for Defendant
Secretary, U.S. Air Force

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER G. SEBALA, ) | CIVIL NO. 04-00404 SPK-LEK |
| ) | |
| Plaintiff, ) | FEDERAL DEFENDANTS' MEMORANDUM |
| ) | IN SUPPORT OF THEIR REPLY TO |
| vs. ) | PLAINTIFF'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION FOR SUMMARY |
| JAMES G. ROCHE, DR., ) | JUDGMENT; CERTIFICATE OF |
| SECRETARY, DEPARTMENT OF THE ) | SERVICE |
| AIR FORCE, ) | |
| ) | DATE: January 27, 2006 |
| Defendants. ) | TIME: 10:00 a.m. |
| ) | JUDGE: Samuel P. King |
| ) | |

FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.   LAW AND ARGUMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Federal Rules of Civil Procedure ("Rule") 56(c). "By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original). Material facts are those which may affect the outcome of the case. <u>Id.</u> at 248.

"Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment. Nor may nonmovants rest upon mere allegations made in their pleadings without setting forth specific facts establishing a genuine issue worthy of trial." <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir. 1992), <u>cert. denied</u>, 506 U.S. 825; 113 S.Ct. 82(1992).

Assuming *arguendo* that the plaintiff Peter Sebala has successfully established a prima facie case, plaintiff has still failed to rebut the defendant's legitimate non-discriminatory reason for Mr. Sebala's nonselection.[1] Ultimately it is the burden of Plaintiff to persuade the court that he has been a

---

[1] Even taking the Plaintiff's Concise Statement of Facts in the light most favorable to the Plaintiff, they still have not sufficiently established that the defendant's legitimate non-discriminatory reasons are pretext for unlawful age discrimination.

victim of intentional discrimination.  McDonnell Douglas, 411 U.S. at 802-04.  See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420-21 (9th Cir. 1990).

Defendant Roche's legitimate non-discriminatory reasons include the plaintiff's work performance, Mr. Sebala's prior insubordination, and the positive past performance of the hired employee, Mr. Chris Vargas, along with his favorable appraisals.  The Plaintiff's Civilian Progress Review Worksheet, MSJ Exhibit 3, demonstrates moderate marks throughout the form.  The Civilian Progress Review Worksheet and Appraisal of the hired employee, Mr. Vargas, indicates much more favorable marks.  Reply to MSJ Exhibit 1.  Mr. Nunes evaluated the information before him and made the hiring decision using subjective and objective criteria.

A subjective reason can constitute a legally sufficient, legitimate, nondiscriminatory reason under the *McDonnell Douglas /Burdine* analysis.  Indeed, subjective evaluations of a job candidate are often critical to the decisionmaking process, and if anything, are becoming more so in our increasingly service-oriented economy.  Chapman v. AI Transport, 229 F.3d 1012, 1033 (11th Cir, 2000).  It is inconceivable that Congress intended anti-discrimination statutes to deprive an employer of the ability to rely on important criteria in its employment decisions merely because those criteria are only capable of subjective

evaluation.  Watson v. Ft. Worth Bank & Trust, 487 U.S. at 999, 108 S. Ct. at 2791.  "To phrase it differently, subjective reasons are not the red-headed stepchildren of proffered nondiscriminatory explanations for employment decisions. Subjective reasons can be just as valid as objective reasons." Chapman, 229 F.3d 1012, 1033-34.  "Finally, the Ninth Circuit has repeatedly cautioned that the use of subjective criteria is not necessarily more likely to indicate discriminatory intent than the use of objective criteria, which may still be a guise for discrimination."  Green v. Maricopa County Cmty. College Sch. Dist., 265 F. Supp. 2d 1110, 1128-1129 (D. Ariz. 2003).

    The court's role is not to weigh the wisdom of the defendant's employment decision.  Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909 at 912 (8th Cir. 1996).  The decision-maker needs "to search for discriminatory intent, rather than to evaluate the wisdom of defendant's internal management policies. This conclusion is supported by case law both within the Ninth Circuit and across other circuits."  Green at 1128-1129. Employment discrimination laws are not intended to give the federal courts the authority to sit as "super-personnel" departments, except as those decisions involve intentional discrimination. Hutson v. McDonnell Douglas Corp., 63 F.3d 771 at 781 (8th Cir. 1995).  Whether or not Mr. Nunes' hiring

decision was the best one is irrelevant as it was not made for a discriminatory purpose.

The fact that Mr. Nunes hired Mr. Sebala initially in January 2002 demonstrates that defendant did not act with discriminatory animus in failing to hire him a second time.  In Lowe v. J.B. Hunt Transport Inc., 963 F.2d 173 (8th Cir. 1992), Mr. Lowe brought an action alleging unlawful age discrimination when he was fired.  Lowe had been hired only two years prior by the same officials who made the decision to fire him.  The Court said "It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later."  Id at 175.  In the present case, Mr. Nunes hired Mr. Sebala in 2002.  Mr. Nunes, only one year later, failed to hire plaintiff Sebala a second time.  It should be considered incredible that Mr. Nunes would suddenly develop a discriminatory bias.

To prove pretext, plaintiff Sebala must show by a preponderance of the evidence that defendant did not really rely on the proffered reason, or that the proffered reason is not worthy of belief, and that discrimination was the real reason for the decision. Hicks v. St. Mary's Honor Ctr., 509 U.S. 502 (1993).

Plaintiff gives, as evidence of pretext, an alleged statement made by Mr. Nunes to plaintiff "I hired the most qualified person for the job" and continues to argue plaintiff Sebala's technical qualifications versus the hired employee. This statement attributed to Mr. Nunes is a mere unconfirmed allegation by plaintiff.  Mr. Nunes had provided a letter to Mr. Sebala indicating that plaintiff was not selected for the position and the "best qualified" person was selected. MSJ Exhibit 6.  Work ethic and subordinate behavior are certainly characteristics that Mr. Nunes could and did consider in making his determination as the 'best qualified.'  Assuming *arguendo*, that Mr. Nunes did make the statement attributed to him by plaintiff, it still does not prove pretext for unlawful age discrimination.

Because the focus is on the employer's credibility, "where an employer's explanation, offered in clear and specific terms, is reasonably attributable to an honest even though partially subjective evaluation of ... qualifications, no inference of discrimination can be drawn." Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93 at 105 (2d Cir. 2001).  Mr. Nunes evaluated both subjective and objective criteria in making the decision to hire Mr. Vargas.

Plaintiff also provides as evidence of pretext that he had a moderate Civilian Progress Review.  MSJ Exhibit 3.  This document

-6-

does not show his superior qualifications.  If anything, it demonstrates he was rated sub par.  Plaintiff argues that the hired employee, Mr. Vargas, was not qualified for the position.  In support of this argument he provides deposition testimony from Mr. Oyadomori about Mr. Vargas' training *after* being hired and placed into the position.[2]  Whether Mr. Vargas had training problems after being hired is a subject of debate, but regardless, is irrelevant.  Mr. Nunes made the hiring decision based on the knowledge he had at the time.  Mr. Nunes could not be expected to know how easily Mr. Vargas would be trained or if Mr. Vargas had a temper problem if it had not manifested itself earlier.  Evidence to this end is clearly irrelevant and inadmissible.

   Lastly, plaintiff also argues that Mr. Nunes described to Mr. Oyadomori the employee he hired as "younger".  Mr. Nunes denies making this statement.  Mr. Oyadomori conceded during the same deposition that he had ill feelings towards Mr. Nunes.[3]  Even assuming *arguendo* that the statement is admissible and

---

[2]  It is undisputed that different tire shops have different types of tire changing machines.  Every employee, including the plaintiff, had to learn and be qualified on the machine in the 15th LRD/LGR at Hickam AFB.

[3]  Mr. Nunes had given Mr. Oyadomori a Letter of Reprimand that Mr. Oyadomori believed was unjustified.  He responded "Yeah, I got upset.  But, you know, I don't want to like how you say you don't want to get into that -- I don't want to get into the past.  But just what was documented, you know, lies. That's one thing I cannot tolerate, people lying about me."

trustworthy, it still does not demonstrate pretext or that defendant's explanation is not credible. See <u>Warren v. City of Carlsbad</u>, 58 F.3d 439, 443 (9th Cir. 1995), cert. denied, (1996). A statement that someone was hired who is young does not infer that the reason plaintiff was not hired is because he is older. It also does not mean that Mr. Nunes used the factor of youth in making a hiring decision. In fact, Mr. Nunes has stated the opposite. MSJ Exhibit 7.

Plaintiff has not submitted sufficient evidence of contradictory facts to create an actual controversy. "Mere assertions that [an employer] had discriminatory motivation and intent [is] inadequate, without substantial factual evidence, to raise . . . a genuine issue of material fact as to pretext in order to avoid summary judgment." <u>Steckl v. Motorola, Inc.</u>, 703 F.2d 392, 393 (9th Cir. 1983).

II. <u>CONCLUSION</u>

For the foregoing reasons, the defendant, Secretary of the United States Air Force, urges this Court to grant his Summary Judgment and preys for judgment dismissing plaintiff's suit

against all defendants with defendant's costs assessed against plaintiff.

  DATED:  January 13, 2006, at Honolulu, Hawaii.

             EDWARD H. KUBO, JR.
             United States Attorney


             /s/ R. Michael Burke
             _____
             R. MICHAEL BURKE
             Assistant U.S. Attorney

             Attorneys for Defendant
             Secretary of the Air Force



Of Counsel:

ERIN BREE WIRTANEN, Maj, USAF
Trial Attorney
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER G. SEBALA,                ) | CIVIL NO. 04-00404 SPK-LEK |
|                 ) | |
|          Plaintiff,       ) | CERTIFICATE OF SERVICE |
|                 ) | |
|      vs.            ) | |
|                 ) | |
| JAMES G. ROCHE, DR.,         ) | |
| SECRETARY, DEPARTMENT OF THE  ) | |
| AIR FORCE,               ) | |
|                 ) | |
|          Defendant.       ) | |
|                 ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served upon the following at their last known addresses:

    Served by First Class mail        January 13, 2006

    Venetia K. Carpenter-Asui, Esq.
    Haseko Center
    820 Mililani Street, Suite 812
    Honolulu, Hawaii  96813

    Attorney for Plaintiff
    Peter G. Sebala

    DATED:  January 13, 2006, at Honolulu, Hawaii.

                                    /s/  Myra Peterson