EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE  1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone:  (808)  541-2850
Facsimile:  (808)  541-3752
E-mail:  Mike.Burke@usdoj.gov

Attorneys for Defendant
JAMES G. ROCHE[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PETER G. SEBALA, | ) | CIVIL NO. 04-00404 SPK-LEK |
|---|---|---|
| Plaintiff, | ) | FEDERAL DEFENDANT JAMES G. ROCHE'S TRIAL BRIEF; |
| vs. | ) | CERTIFICATE OF SERVICE |
| JAMES G. ROCHE, DR., SECRETARY, DEPARTMENT OF THE AIR FORCE, | ) | |
| Defendant. | ) | TRIAL DATE: February 7, 2006<br>TIME: 9:00 a.m.<br>JUDGE: Samuel P. King |

FEDERAL DEFENDANT JAMES G. ROCHE'S TRIAL BRIEF

Comes now federal defendant, Secretary of the Air Force, James G. Roche, by and through its undersigned counsel, and hereby provides defendant's Trial Brief.

---

[1] Michael W. Wynne was sworn in as the Secretary of the Air Force on November 3, 2005, and should be substituted as the proper party defendant pursuant to Fed. R. Civ. P. 25(d).

I.   INTRODUCTION

      The court has jurisdiction over this lawsuit under the Age Discrimination in Employment Act, 29 U.S.C. § 633a.  After Mr. Sebala stipulated to dismiss a claim of national origin discrimination, one issue remains.  Plaintiff alleges that Defendant did not select the Plaintiff for Mobile Equipment Servicer position, WG-5806-06, at Hickam Air Force Base due to unlawful age discrimination.  Defendant denies Mr. Sebala's non-selection was in any manner influenced or motivated by discrimination.

    A.   Factual Background

      1.   Plaintiff was hired as a Mobile Equipment Servicer, WG-5806-06, effective January 28, 2002.  This position was a one year temporary appointment.  The position requirements are detailed in an Air Fore Core Personnel Document.  Mr. Randall Nunes was the hiring official for the temporary position and hired Mr. Sebala.

      2.   During the period of time Mr. Sebala was a temporary employee, he received one midterm feedback, Air Force Form 860B, documenting his performance in October 2002.

      3.   A position for a permanent Mobile Equipment Servicer, WG-5806-06, opened and was announced on or about March 2003.  This permanent position contained the same duties and responsibilities as the temporary position Mr. Sebala had been occupying.

      4.    Plaintiff applied for the position as a Mobile Equipment Servicer, WG-5806-06, with the 15th LRD/LGR at Hickam AFB, HI. He was notified he was not selected on April 7, 2003.

      5.    The hiring supervisor was Mr. Randall Nunes. Mr. Nunes received the applications of the top three applicants including Mr. Sebala, Mr. Christopher Vargas, and Mr. Robert McCollum. Mr. Nunes selected Mr. Christopher Vargas (date of birth: May 16, 1977) for the position. Mr. Vargas supplied a resume with his application. Mr. Vargas began working in the position on May 4, 2003.

      6.    Plaintiff contacted an EEO Counselor at Hickam AFB, HI, on June 19, 2003, alleging age (date of birth: August 27, 1949) and reprisal discrimination regarding this nonselection. As a result of this complaint, the EEO Counselor, Ms. Jana Dove, completed an EEO Counselor report.

      7.    Plaintiff's action in this Court was filed on July 7, 2004 alleging national origin and age discrimination. Mr. Sebala subsequently stipulated to dismiss the national origin claim of discrimination on September 27, 2005.

    B.    <u>Summary of Opposing Positions</u>

      Plaintiff claims his failure to be hired for a permanent position by the supervisor who had hired him the year before for a temporary spot was the result of this supervisor's illegal age discrimination.

Defendant alleges that Mr. Sebala was not selected due to Mr. Nunes' subjective opinion that plaintiff had previously displayed a poor attitude during his temporary employment.  II.

POINTS OF LAW.

A.   Plaintiff Fails to Rebut Defendant's Legitimate Nondiscriminatory Reason for his Non-Selection.

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] . . . because of such individual's age."  Id. at §§ 623(a), 631(a).  To establish a violation of ADEA under the disparate treatment theory of liability, Mr. Sebala, by a preponderance of the evidence, "must first establish a prima facie case of discrimination.  If [he does], the burden then shifts to [Defendant] to articulate a legitimate nondiscriminatory reason for its employment decision.  Then, in order to prevail, [he] must demonstrate that [Defendant's] alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory."  Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994).  See also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981)).  Ultimately it is the burden of Mr. Sebala to persuade the court

that he has been a victim of intentional discrimination. McDonnell Douglas, 411 U.S. at 802-04.  See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420-21 (9th Cir. 1990).

Assuming that Mr. Sebala states a prima facie case of age discrimination with regard to his non-selection to the WG-5806-06 permanent position, he remains unable to rebut the Agency's legitimate, nondiscriminatory reason for not selecting him.

In this case, the agency's legitimate nondiscriminatory reason for not selecting Mr. Sebala for the permanent position was based on his prior work performance.  Mr. Sebala had previously occupied a WG-5806-06 Mobile Equipment Servicer temporary position not to exceed one year.  His direct supervisor while in that position was Mr. Randall Nunes.  There are documented instances of insubordination on the part of plaintiff, culminating in a low performance feedback documented on an Air Force Form 860B on October 31, 2002.

The WG-5806-06 permanent position was announced publicly in March 2003.  The top three applicants were provided to Mr. Nunes for selection.  Plaintiff's application was among those referred.  Mr. Nunes elected not to conduct individual interviews with the applicants and selected Mr. Christopher Vargas.  Mr. Nunes' reason for not selecting Mr. Sebala was his prior poor work performance and insubordinate attitude.

5

Mr. Sebala has offered no evidence to prove or show that age bias was the reason for his non-selection. A plaintiff must come forward with evidence to prove that the defendant's proffered reasons were a pretext for discrimination. See <u>Lindahl v. Air France</u>, 930 F.2d 1434, 1438 (9th Cir. 1991).

To prove pretext, Mr. Sebala must show by a preponderance of the evidence that defendant did not really rely on the proffered reason, or that the proffered reason is not worthy of belief, and that discrimination was the real reason for the decision. <u>Hicks v. St. Mary's Honor Ctr.</u>, 509 U.S. 502 (1993). A plaintiff cannot carry this burden simply by restating the prima facie case and expressing intent to challenge the credibility of the employer's witnesses on cross-examination. He must produce specific facts either directly evidencing discriminatory motive or showing that the employer's explanation is not credible." <u>Lindahl</u> at 1438. The plaintiff cannot "rely on generalizations. He must produce evidence of facts that either directly show a discriminatory motive or show that the [employer's] explanation for his [termination] is not credible." <u>Warren v. City of Carlsbad</u>, 58 F.3d 439, 443 (9th Cir. 1995), cert. denied, 134 L. Ed. 2d 209, 116 S. Ct. 1261 (1996).

Mr. Sebala has only provided unsupported, conclusory allegations of discrimination. He offers no direct or indirect evidence of discriminatory animus in the defendant's action of not selecting him. Mere assertions of discrimination will not

6

satisfy his burden, because these assertions amount only to a speculative allegation.  Mr. Sebala has not submitted sufficient evidence of contradictory facts to create an actual controversy.  Testimony from an employee reflecting a subjective belief that his non-selection resulted from discrimination, is insufficient to make an issue for the Court in the face of proof showing an adequate, non-discriminatory reason for his non-selection.

Assuming *arguendo* that plaintiff Peter Sebala has successfully established a prima facie case, he has still failed to rebut the defendant's legitimate non-discriminatory reason for Mr. Sebala's nonselection.  Ultimately it is the burden of Plaintiff to persuade the court that he has been a victim of intentional discrimination.  McDonnell Douglas, 411 U.S. at 802-04.  See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420-21 (9th Cir. 1990).

Defendant Roche's legitimate non-discriminatory reasons include the plaintiff's work performance, Mr. Sebala's prior insubordination, and the positive past performance of the hired employee, Mr. Chris Vargas, along with his favorable appraisals.  Plaintiff's Civilian Progress Review Worksheet, (previously provided the Court as MSJ Exhibit 3), demonstrates moderate marks throughout the form.  The  Civilian Progress Review Worksheet and Appraisal of the hired employee, Mr. Vargas, indicates much more favorable marks.  (Previously provided as Reply to MSJ Exhibit

1). Mr. Nunes evaluated the information before him and made the hiring decision using both subjective and objective criteria.

A subjective reason can constitute a legally sufficient, legitimate, nondiscriminatory reason under the McDonnell Douglas /Burdine analysis. Indeed, subjective evaluations of a job candidate are often critical to the decisionmaking process, and if anything, are becoming more so in our increasingly service-oriented economy. Chapman v. AI Transport, 229 F.3d 1012, 1033 (11th Cir, 2000). It is inconceivable that Congress intended anti-discrimination statutes to deprive an employer of the ability to rely on important criteria in its employment decisions merely because those criteria are only capable of subjective evaluation. Watson v. Ft. Worth Bank & Trust, 487 U.S. at 999, 108 S. Ct. at 2791. "To phrase it differently, subjective reasons are not the red-headed stepchildren of proffered nondiscriminatory explanations for employment decisions. Subjective reasons can be just as valid as objective reasons." Chapman, 229 F.3d 1012, 1033-34. "Finally, the Ninth Circuit has repeatedly cautioned that the use of subjective criteria is not necessarily more likely to indicate discriminatory intent than the use of objective criteria, which may still be a guise for discrimination." Green v. Maricopa County Cmty. College Sch. Dist., 265 F. Supp. 2d 1110, 1128-1129 (D. Ariz. 2003).

The Court's role is not to weigh the wisdom of the defendant's employment decision. Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909 at 912 (8th Cir. 1996). The decision-maker needs "to search for discriminatory intent, rather than to evaluate the wisdom of defendant's internal management policies. This conclusion is supported by case law both within the Ninth Circuit and across other circuits." Green at 1128-1129. Employment discrimination laws are not intended to give the federal courts the authority to sit as "super-personnel" departments, except as those decisions involve intentional discrimination. Hutson v. McDonnell Douglas Corp., 63 F.3d 771 at 781 (8th Cir. 1995). Whether or not Mr. Nunes' hiring decision was the best one is irrelevant as it was not made for a discriminatory purpose.

The fact that Mr. Nunes hired Mr. Sebala initially in January 2002 demonstrates that defendant did not act with discriminatory animus in failing to hire him a second time. In Lowe v. J.B. Hunt Transport Inc., 963 F.2d 173 (8th Cir. 1992), Mr. Lowe brought an action alleging unlawful age discrimination when he was fired. Lowe had been hired only two years prior by the same officials who made the decision to fire him. The Court said "It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to

older people less than two years later." Id at 175. In the present case, Mr. Nunes hired Mr. Sebala in 2002. Mr. Nunes, only one year later, failed to hire plaintiff Sebala a second time. It should be considered incredible that Mr. Nunes would suddenly develop a discriminatory bias.

To prove pretext, plaintiff Sebala must show by a preponderance of the evidence that defendant did not really rely on the proffered reason, or that the proffered reason is not worthy of belief, and that discrimination was the real reason for the decision. Hicks v. St. Mary's Honor Ctr., 509 U.S. 502 (1993). Mr. Sebala gives as evidence of pretext an alleged statement made by Mr. Nunes to plaintiff; "I hired the most qualified person for the job" and continues to argue his technical qualifications versus the hired employee. This statement attributed to Mr. Nunes is a mere unconfirmed allegation by plaintiff. Mr. Nunes had provided a letter to Mr. Sebala indicating that plaintiff was not selected for the position and the "best qualified" person was selected. Work ethic and subordinate behavior are certainly characteristics that Mr. Nunes could and did consider in making his determination as the 'best qualified.' Assuming *arguendo*, that Mr. Nunes did make the statement attributed to him by plaintiff, it still does not prove pretext for unlawful age discrimination.

Because the focus is on the employer's credibility,

"where an employer's explanation, offered in clear and specific terms, is reasonably attributable to an honest even though partially subjective evaluation of ... qualifications, no inference of discrimination can be drawn." <u>Byrnie v. Town of Cromwell, Bd. of Educ</u>., 243 F.3d 93 at 105 (2d Cir. 2001). Mr. Nunes evaluated both subjective and objective criteria in making the decision to hire Mr. Vargas.

Plaintiff also offers as evidence of pretext that he had a moderate Civilian Progress Review. This document does not show his superior qualifications. If anything, it demonstrates he was rated sub par. Plaintiff argues that the hired employee, Mr. Vargas, was not qualified for the position. In support of this argument he offers testimony from a Mr. Oyadomori about Mr. Vargas' training *after* being hired and placed into the position.[2] Whether Mr. Vargas had training problems after being hired is a subject of debate, but regardless, is irrelevant. Defendant has filed a motion in limine on this issue. Mr. Nunes made the hiring decision based on the knowledge he had at the time. Mr. Nunes could not be expected to know how easily Mr. Vargas would be trained or if Mr. Vargas had a temper problem if it had not manifested itself earlier. Evidence to this end is clearly irrelevant and inadmissible.

---

[2] It is undisputed that different tire shops have different types of tire changing machines. Every employee, including the plaintiff, had to learn and be qualified on the machine in the 15th LRD/LGR at Hickam AFB.

Lastly, Mr. Sebala also argues that Mr. Nunes described to Mr. Oyadomori the employee he hired as "younger". Mr. Nunes denies making this statement. Mr. Oyadomori conceded during deposition that he had ill feelings towards Mr. Nunes.[3] Even assuming *arguendo* that Mr. Oyadomori's testimony is admissible and trustworthy, it still does not demonstrate pretext or that defendant's explanation is not credible. See <u>Warren v. City of Carlsbad</u>, 58 F.3d 439, 443 (9th Cir. 1995), cert. denied, (1996). A statement that someone was hired who is young does not infer that the reason Mr. Sebala was not hired is because he is older. It also does not mean that Mr. Nunes used the factor of youth in making a hiring decision. In fact, Mr. Nunes has stated the opposite.

Mr. Sebala has not submitted sufficient evidence of contradictory facts to create an actual controversy. "Mere assertions that [an employer] had discriminatory motivation and intent [is] inadequate, without substantial factual evidence, to raise . . . a genuine issue of material fact as to pretext in order to avoid summary judgment." <u>Steckl v. Motorola, Inc.</u>, 703 F.2d 392, 393 (9th Cir. 1983).

---

[3] Mr. Nunes had given Mr. Oyadomori a Letter of Reprimand that Mr. Oyadomori believed was unjustified. He responded "Yeah, I got upset. But, you know, I don't want to like how you say you don't want to get into that -- I don't want to get into the past. But just what was documented, you know, lies. That's one thing I cannot tolerate, people lying about me."

12

II. <u>CONCLUSION</u>

For the foregoing reasons, the defendant, Secretary of the United States Air Force, urges this Court to find for defendant and for judgment dismissing plaintiff's suit against all defendants, with defendant's costs assessed against plaintiff.

DATED:  January 24, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney


/s/ R. Michael Burke
_____
R. MICHAEL BURKE
Assistant U.S. Attorney

Attorneys for Defendant
Secretary of the Air Force



Of Counsel:

ERIN BREE WIRTANEN, Maj, USAF
Trial Attorney
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209

```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| PETER G. SEBALA,            )<br>            Plaintiff,    )<br>        vs.                  )<br>JAMES G. ROCHE, DR.,         )<br>SECRETARY, DEPARTMENT OF THE )<br>AIR FORCE,                   )<br>            Defendant.    )<br>                             )<br>_____) | CIVIL NO. 04-00404 SPK-LEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served upon the following at their last known addresses:

    Served by First Class mail          January 24, 2006

    Venetia K. Carpenter-Asui, Esq.
    Haseko Center
    820 Mililani Street, Suite 812
    Honolulu, Hawaii  96813

    Attorney for Plaintiff
    Peter G. Sebala

    DATED: January 24, 2006, at Honolulu, Hawaii.

                              /s/ Myra Y. Peterson
                              _____