IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER G. SEBALA, | ) | CIVIL NO. 04-00404 SPK-LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION IN LIMINE |
| vs. | ) | REGARDING PLAINTIFF'S |
| | ) | PROPOSED TRIAL EXHIBITS |
| JAMES D. ROCHE | ) | |
| Secretary of the Air Force, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN
LIMINE REGARDING PLAINTIFF'S PROPOSED TRIAL EXHIBITS

COMES NOW Federal Defendant James G, Roche, in his capacity as Secretary of the Air Force, and lodges the following objections to Plaintiff's proposed trial exhibits.

I.   BACKGROUND

Plaintiff's ADEA action is set for a judge alone trial to commence on February 7, 2006 at 9:00 a.m., in the United States District Court for the District of Hawaii.  Plaintiff served on Defendant's counsel an index of 131 exhibits, which Plaintiff proposes to introduce at trial.

II.   THE LAW

Rule 401 of the Federal Rules of Evidence holds that "[e]vidence which is not relevant is not admissible."  Rule 402 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence."

Rule 403 provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 802 of the Federal Rules of Evidence provides that "hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Hearsay is defined by Rule 801 as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Rule 901, for its part, establishes that there is a "requirement of authentication or identification as a condition precedent to admissibility" of evidence, and such requirement is only met when there is "evidence sufficient to support a finding that the matter in question is what its proponent claims."

III. ANALYSIS

Defendant objects to Plaintiff's proposed trial exhibits as follows:

A. <u>EXHIBIT NUMBERS:</u> 8, 9, 10, 11, 13, 14, 16, 17, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 97, 98, 99

<u>BASIS FOR OBJECTION</u>: Federal Rules of Evidence 401 and 402 -Relevance. The subject matter of these documents was objected to in a Motion in Limine filed by the Defendant on 17 January 2006.

B. <u>EXHIBIT NUMBERS</u>: 1, 2, 3, 4, 5, 6, 63, 65, 68, 72, 76, 77, 78, 79, 80, 81, 82, 83, 100, 104, 106, 112, 113, 114, 115, 129, 130, 131.

<u>BASIS FOR OBJECTION:</u> Federal Rules of Evidence 401 and 402 -Relevance.

C. <u>EXHIBIT NUMBERS</u>: 74, 89, 94.

<u>BASIS FOR OBJECTION:</u> Federal Rules of Evidence 401 and 402 -Relevance. Exhibit 74 is duplicative with Exhibit 15. Exhibit 89 is duplicative of Exhibit 55. Exhibit 94 is duplicative with Exhibit 73.

    D.    <u>EXHIBIT NUMBERS</u>: 60, 110

         <u>BASIS FOR OBJECTION:</u> Federal Rules of Evidence 801, 802, and 803 – Hearsay.  Federal Rules of Evidence 901 – Authentication.

    E.    <u>EXHIBIT NUMBERS</u>: 61, 62

         <u>BASIS FOR OBJECTION:</u> Exhibit 61 is blank and not listed.  Exhibit 62 is the Defendant's index to documents provided to the Plaintiff during discovery.  Federal Rules of Evidence 401 and 402 – Relevance.

IV.    <u>STIPULATION</u>

    Defendant agrees to stipulate to the admissibility of the following exhibits:

    <u>EXHIBIT NUMBERS</u>: 7, 12, 15, 18, 21, 30, 31, 32, 33, 34, 35, 36, 37, 55, 56, 64, 66, 67, 69, 70, 71, 73, 75, 84, 85, 86, 87, 88, 90, 91, 92, 93, 95, 96, 101, 102, 103, 105, 107, 108, 109, 111, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128.

V.  CONCLUSION

      For the foregoing reasons the proffered exhibits as delineated above constitute improper evidence, are therefore inadmissible, and should be excluded.

      DATED: January 26, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ R. Michael Burke

By_____
  R. MICHAEL BURKE
  Assistant U.S. Attorney

Attorneys for Defendant

Of Counsel:

ERIN BREE WIRTANEN, Maj, USAF
Trial Attorney
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209