*ORIGINAL*

VENETIA K. CARPENTER-ASUI
A Law Corporation

VENETIA K. CARPENTER-ASUI    6901
Haseko Center
820 Mililani Street, Suite 812
Honolulu, Hawaii 96813
Telephone: (808) 523-6446
Facsimile: (808) 523-6727

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 24 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

Attorney for Plaintiff
PETER G. SEBALA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER G. SEBALA, | ) | CIVIL NO. 04-00404 SPK-LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S PROPOSED |
| | ) | FINDINGS OF FACT AND |
| vs. | ) | CONCLUSIONS OF LAW; |
| | ) | CERTIFICATE OF SERVICE |
| DR. JAMES G. ROCHE, | ) | |
| SECRETARY, DEPART- | ) | |
| MENT OF THE AIR FORCE, | ) | |
| | ) | |
| Defendants. | ) | Trial: 2/7/06 |
| | ) | |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

PETER G. SEBALA (hereinafter "Plaintiff"), by and through his attorney, hereby files Plaintiff's Proposed Findings of Fact and Conclusions of Law pursuant to the Rule 16 Order.

I. **PROPOSED FINDINGS OF FACT**

1. Plaintiff was born on August 27, 1949. (Def concise stmt ex 1; Pl's mio Decla)

2. From 1970 to 1971, with one year and seven months of creditable service, Plaintiff served in the U.S. Army in the Vietnam War and received an honorable discharge. Plaintiff was awarded the:

   a. National Defense Service Medal,
   b. Vietnam Service Medal with a Bronze Service Star,
   c. Republic of Vietnam Campaign Medal, and
   d. Sharpshooter (Rifle).

   (Pl mio ex C and Decla; Def concise stmt ex 1)

3. From 1967 to 1994 Plaintiff was employed by Oahu Sugar Company for 27 years working in tire maintenance and preventative maintenance. Plaintiff also held the position of Tire Shop Leader with duties including repair and maintenance of tires on all vehicles and equipment in the shop and field; performing scheduled maintenance on all vehicles and equipment including oil and filter changes; inspecting and lubricating chassis components; and conducting training of new employees. (Def concise stmt ex 5; Pl mio Decla)

4. On 1/23/02 Plaintiff received a full-time "temporary" one year appointment as a Mobile Equipment Servicer WG-5806 working at the Hickam Air Force Base in Honolulu, Hawaii. (Def concise stmt ex 1; Pl mio Decla)

5. Defendant's Supervisor Randall Nunes rated Plaintiff's SF-50 performance on 8/11/02 as a temporary Mobile Equipment Servicer WG-5806 as "[w]ork performance at an acceptable level of competence." (Pl mio ex B)

2

6. On 10/3/02 Plaintiff received a mid-year Civilian Progress Review Worksheet which rated his work successfully, with a written comment by his immediate supervisor Randall Nunes which stated, "Good Job!" (Def concise stmt ex 3)

7. From 3/14/03 to 3/20/03 Plaintiff's Mobile Equipment Servicer WG-5806 position, as a "permanent" status, was posted as a Vacancy Announcement. (Def concise stmt ex 4)

8. Plaintiff applied for the "permanent" Mobile Equipment Servicer WG-5806 position and submitted his resume, which included the work he performed in the "temporary" position right before the Vacancy Announcement was posted. (Def concise stmt ex 5)

9. In a letter dated April 7, 2003 Plaintiff was notified that Christopher Vargas, age 25, was hired for the permanent Mobile Equipment Servicer position instead of Plaintiff, age 53. (Def concise stmt ex 6)

10. Upon receiving Supervisor Randall Nunes letter dated April 7, 2003, Plaintiff telephoned Supervisor Nunes who told Plaintiff that he "hired the most qualified person for the job." (Pl mio Decla)

11. On May 4, 2003 Christopher Vargas, age 25, began working in the permanent Mobile Equipment Servicer WG-5806 position. (Def concise stmt #11)

12. In April-May 2003, Plaintiff's co-worker Michael Oyadomori informed Plaintiff that he asked Supervisor Randall Nunes why he hired Christopher Vargas who was inexperienced for the Mobile Equipment Servicer WG-5806 position. Supervisor Randall Nunes replied "[w]ell the guy younger and he's married, got family." (Pl mio ex F, p42)

13. In April 2003 Plaintiff reported the age discrimination to:

a. Tonya Stels - Hickam Air Force Base Hiring Office,

3

  b. Federal Job Information 541-2791 (recording),

  c. Department of Veterans Affairs,

  d. Hickam Air Force Base Civilian Personnel Employment Office "Greg",

  e. Hickam Air Force Base Civilian Personnel Employment Office "Beverly",

  f. Supervisor Randall Nunes,

  g. Work Links Veterans Outreach Program, Melody Hudson,

  h. Labor & Hiring Office, Gill Hough,

  i. Senator Daniel Akaka,

  j. Senator Daniel Inouye,

  k. Congressman Ed Case,

  l. Congressman Neil Abercrombie.

(Pl mio ex D and Decla)

  14. Defendant has no written record of Plaintiff being "insubordinate" while he was employed as a temporary Mobile Equipment Servicer from 2002 to 2003.

  15. Defendant has no written record of Plaintiff's work performance being "unsatisfactory" while he was employed as a temporary Mobile Equipment Servicer from 2002 to 2003.

  16. Plaintiff's birthdate is 8/27/49 and he was 53 years of age on 5/4/03 when Christopher Vargas age 25 was hired for the permanent Mobile Equipment Servicer WG-5806 job instead of Plaintiff. (Def concise stmt ex 1; Pl mio Decla)

  17. Plaintiff was qualified for the position of permanent Mobile Equipment Servicer on the date he was not hired 5/4/03.

4

18. Plaintiff had 25 years of experience working at Oahu Sugar Company from approximately 1964 to 1994, which included 26 years of working with tires and heavy vehicles, including holding the position of Tire Shop Leader. (Def concise stmt ex 5; Pl mio Decla.)

19. Plaintiff was hired by Defendant for the temporary Mobile Equipment Servicer WG-5806 job from 1/23/02 to 1/22/03 and therefore was deemed qualified by Defendant. (Def concise stmt ex 1; Pl mio Decla)

20. During the one year that Plaintiff held the temporary Mobile Equipment Servicer WG-5806 position he received acceptable job performance ratings while employed by Defendant from his Supervisor Randall Nunes who wrote on Plaintiff's evaluation "Good Job!" (Def concise stmt ex 3; Pl mio Decla)

21. Plaintiff was not hired by Defendant on 5/4/03 for the permanent Mobile Equipment Servicer WG-5806 job.

22. Defendant's Supervisor Randall Nunes was the hiring official that selected Chris Vargas, age twenty-five (25), a younger, less experienced person, for the permanent Mobile Equipment Servicer WG-5806 job. (Def concise stmt ex 6; Pl mio Decla)

23. Defendant alleges that Plaintiff was not hired due to his:
    1. "prior work experience"
    2. "instances of insubordination" and
    3. "low performance feedback."
(Def's msj p9-10)

24. Defendant failed to produce a single document in Plaintiff's entire employment record to support its proffered reason that Plaintiff was not hired because of his "prior work experience" as claimed in Def's msj p9-10.

5

25. Defendant failed to produce a single document in Plaintiff's entire employment record to support its proffered reason that Plaintiff was not hired because of "instances of insubordination" as claimed in Def's msj p9-10.

26. Defendant failed to produce a single document in Plaintiff's entire employment record to support its proffered reason that Plaintiff was not hired because of "low performance feedback" as claimed in Def's msj p9-10.

27. Plaintiff's Civilian Progress Review Worksheet dated 10/3/02 indicates that Supervisor Nunes rated Plaintiff's work performance at acceptable levels and even wrote the words "Good Job!" (Def's msj ex 3)

28. Supervisor Nunes claim that he did not know the ages of the applicants is not credible as a 28 year age difference exists between Christopher Vargas (age 25) and Plaintiff (53) at the time he hired the younger man. (Def's msj - decla Nunes at ex 7)

29. Plaintiff telephoned Supervisor Nunes upon receiving the letter informing Plaintiff that he was not hired. Supervisor Nunes replied, "I hired the most qualified person for the job." (Pl mio Decla)

30. Plaintiff had 27 years of experience working for Oahu Sugar Company from 1967 to 1994 working in tire maintenance and preventative maintenance. Plaintiff also held the position as Tire Shop Leader with duties including repair and maintenance of tires on all vehicles and equipment in the shop and field; performing scheduled maintenance on all vehicles and equipment including oil and filter changes; inspecting and lubricating chassis components; and conducting training of new employees. (Def concise stmt ex 5; Pl mio Decla)

31. Defendant hired Plaintiff for the "temporary" Mobile Equipment Servicer WG-5806 position from 2002 to 2003, thus giving him 28 years of experience when added to Plaintiff's experience at Oahu Sugar Co.

32. Plaintiff had more years of work experience in the field Mobile Equipment Service than Chris Vargas had been alive.

33. Defendant produced no evidence that Plaintiff was not performing his job as a "temporary" one-year appointment Mobile Equipment Servicer WG-5806 properly.

34. Defendant produce Plaintiff's SF-50 which rated Plaintiff's performance as a temporary Mobile Equipment Servicer WG-5806 as "[w]ork performance at an acceptable level of competence." (Pl mio ex B)

35. On 10/3/02 Plaintiff received a mid-year Civilian Progress Review Worksheet which rated his work successfully, with a written comment by his immediate supervisor Randall Nunes which stated, "Good Job!" (Def concise stmt ex 3)

36. Christopher Vargas (age 25) had no prior experience as a Mobile Equipment Servicer WG-5806.

37. When Plaintiff was employed as a temporary Mobile Equipment Servicer WG-5806 from 2002 to 2003, he was not assigned a trainer to train him to do the work or use the machinery.

38. When Chris Vargas (age 25) was hired as the permanent Mobile Equipment Servicer WG-5806, co-worker Ace Suares was assigned to train Chris Vargas.

39. When Chris Vargas (age 25) was hired as the permanent Mobile Equipment Servicer WG-5806, co-worker Michael Oyadomori was assigned to train Christopher Vargas.

7

40. Chris Vargas (age 25) trainer Michael Oyadomori testified that:

| | |
|---|---|
| Oyadomori: | Chris has hard time working on that, you know, to learn. He has hard time working on the tires... (Pl mio ex F, p13 lines 19-21) |
| Counsel: | So did he [A. Suares] say what he [C. Vargas] had a hard time learning about the tires? |
| Oyadomori: | Split rims... |
| Counsel: | And what was he having trouble doing, taking it apart or putting it together? |
| Oyadomori: | Taking them apart and putting them together... |
| Counsel: | Did Ace seem frustrated about how the training was going? |
| Oyadomori: | Sometime, yeah, Ace come up and tell me that this guy no listen, no like train 'em... (Pl mio ex F p13 line 25 to p14 line 17) |
| Oyadomori: | ...You could see the guy got frustrated, you know, working on tires. I guess after a while once you learn, you know, took 'em quite a while. |
| Counsel: | How long did it take him? |
| Oyadomori: | Maybe about a month. |
| Counsel: | Is that a long time? |
| Oyadomori: | Yeah. (Pl mio ex F p14 line 22 to p15 line 4) |
| Oyadomori: | No. He [C. Vargas] looked inexperienced. |
| Counsel: | And can you describe how he looked inexperienced? What does that mean? |
| Oyadomori: | Just observing him, you can tell when somebody is |

8

| | |
|---|---|
| | experienced or inexperienced. Because I operate the machine and I worked the tire shop before, you know. |
| Counsel: | For five years? |
| Oyadomori: | So right off the bat you can watch somebody and you know that guy is inexperienced... |
| | (Pl mio ex F p29 line 20 to p30 line 4) |
| Counsel: | So he had a couple of months work under his belt in the tire shop? |
| | ...And did it seem like he was learning the job or he still was inexperienced? |
| Oyadomori: | He didn't know how to do it, mount the tires. |
| | (Pl mio ex F p38 lines 12-15) |
| Counsel: | Did you ever hear anybody else say that Mr. Vargas was inexperienced working in the tire shop? |
| Oyadomori: | Everybody knew that, that he was -- you know, he wasn't experienced. |
| | (Pl mio ex F p39 lines 18-22) |

41.     Michael Oyadomori, Chris Vargas (age 25) trainer testified that Chris Vargas displayed angry outbursts in the workplace, especially out of frustration at not knowing how to perform the Mobile Equipment Servicer WG-5806 duties:

| | |
|---|---|
| Oyadomori: | ... He get angry. Mr. Vargas get angry... |
| Counsel: | Mr. Vargas got angry-- |
| Oyadomori: | That's what Ace said. I could see it, too from across the way... |
| | (Pl mio ex F p14 line 17-22) |
| Counsel: | What could you see that made you think that Mr. Vargas |

9

|  |  |
|---|---|
|  | was frustrated? |
| Oyadomori: | By his [C. Vargas] face and he's [Ace Suares] coming up to me and telling me Mr. Vargas get angry... |
| Counsel: | So his face looked what, frustrated? |
| Oyadomori: | Looked angry. Angry. |
|  | (Pl mio ex F p15 line 5-12) |
| Oyadomori: | ...he get angry at the machine and he get mad at Ace, angry at Ace... |
|  | (Pl mio ex F p32 lines 23-24) |
| Oyadomori: | ...Ace told me that Mr. Vargas was pissed off at me, started swearing and all that, saying that, you know, [inaudible] he sweared about me to Mr. Soares, cussing me out about the tires... |
|  | (Pl mio ex F p35 lines 11-15) |
| Oyadomori: | Well, when I see him, he looked mad or angry working in the tire shop. Frustrated. You know when you're frustrated you look like you disappointed, or you angry, you know. |
|  | (Pl mio ex F p36 lines 5-8) |
| Oyadomori: | ...the guy get angry, you know, get frustrated. Mr. Soares don't want to sign him off. |
|  | (Pl mio ex F p44 lines 16-18) |

42. Christopher Vargas employment record for workplace violence incidents are well documented in his personnel file by Supervisor Nunes, including:

| | |
|---|---|
| 4/30/04 | "interview with employee, alleges Mr. Ace Suares-Haae threatened him verbally, after careful review of all statements and actions (threatening case, employee and Mr. Soares agree to dissolve this case due to misunderstanding between each other" |
| 1/12/05 | "counseled employee on loosing his temper (ie...swearing, challenging my authority about his taking leave)" |
| 4/12/05 | "review 860A feedback w/ employee (continues to work on temper control & directives)" |
| 5/12/05 | "counseled employee about anger management incident w/ Ace Suares-Haae 5/12/05" |
| 5/19/05 | "issued letter for counseling and brief employee on proper conduct" |

(Pl mio ex G)

43. Supervisor Nunes told Michael Oyadomori that he hired Christopher Vargas (age 25) instead of Plaintiff because "the guy younger and he's married, got family." (Pl mio ex F, p42 lines 5-6)

## II.   PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW

1. Plaintiff proved the first element of his ADEA prima facie case by a preponderance of the evidence: that on the dated he was not hired 5/4/03 for the permanent Mobile Equipment Servicer WG-5806 job, he was 53 years of age (dob: 8/27/49) and a member of the class protected by the ADEA (at least 40 years old) 29 U.S.C. s631(a).

2. Plaintiff proved the second element of his prima facie case by a preponderance of the evidence: that he was qualified for the position of permanent Mobile Equipment Servicer WG-5806 on the date he was not

hired 5/4/03 (at least 26 years of experience at Oahu Sugar Co. & 1 year as the temporary Mobile Equipment Servicer WG-5806 job from 1/23/02 to 1/22/03).

3. Plaintiff proved the third element of his prima facie case by a preponderance of the evidence: that he was not hired by Defendant on 5/4/03 for the permanent Mobile Equipment Servicer WG-5806 job. Instead, Supervisor Randall Nunes hired Chris Vargas, age twenty-five (25), a younger, less experienced person.

4. Defendant filed to establish its burden of production to produce evidence that Plaintiff was rejected and Christopher Vargas was preferred, due to Plaintiff's: a) prior work experience, b) instances of insubordination, and c) low performance feedback.

5. Plaintiff established by a preponderance of the evidence that the Defendant's explanation was pretext for unlawful age discrimination, for all of the reasons stated in Plaintiff's prima facie case and Proposed Findings of Fact 1-43.

5. Having found that Plaintiff established a case of age discrimination he is entitled to damages under the ADEA in the form of "compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation". 29 USC s626(b).

DATED:   Honolulu, Hawaii, January 24, 2006.

_____
VENETIA K. CARPENTER-ASUI
Attorney for Plaintiff
PETER SEBALA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served upon the following person by U.S. Mail prepaid postage or messenger delivery:

R. Michael Burke, Esq.
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Defendant
JAMES G. ROCHE, DR., SECRETARY,
DEPARTMENT OF THE AIR FORCE

DATED:   Honolulu, Hawaii January 24, 2006.

_____
VENETIA K. CARPENTER-ASUI
Attorney for Plaintiff
PETER SEBALA