ORIGINAL

VENETIA K. CARPENTER-ASUI
A Law Corporation

VENETIA K. CARPENTER-ASUI    6901
Haseko Center
820 Mililani Street, Suite 812
Honolulu, Hawaii 96813
Telephone:  (808) 523-6446
Facsimile:   (808) 523-6727

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 4 2006

at __1__ o'clock and __38__ min. __P__ M
SUE BEITIA, CLERK

Attorney for Plaintiff
PETER G. SEBALA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER G. SEBALA, | CIVIL NO. 04-00404 SPK-LEK |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S |
| vs. | MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SELECTEE'S POST-EMPLOYMENT WORK HISTORY; |
| DR. JAMES G. ROCHE, SECRETARY, DEPARTMENT OF THE AIR FORCE, | DECLARATION OF COUNSEL; EXHIBITS A-B; CERTIFICATE OF |
| Defendants. | SERVICE |
| | Trial: 2/7/06 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF SELECTEE'S POST-EMPLOYMENT WORK HISTORY**

Plaintiff PETER G. SEBALA ("Plaintiff"), by and through his attorney, hereby files Plaintiff's Memorandum In Opposition to Defendant's Motion in Limine to Exclude Evidence of Selectees Post-Employment Work History.

## I.   FACTS

On 8/27/49 Plaintiff was born. (Def concise stmt ex 1; Pl mio Decla)

From 1970 to 1971, with one year and seven months of creditable service, Plaintiff served in the U.S. Army in the Vietnam War and received an honorable discharge. Plaintiff was awarded the:

1. National Defense Service Medal,
2. Vietnam Service Medal with a Bronze Service Star,
3. Republic of Vietnam Campaign Medal, and
4. Sharpshooter (Rifle).

(Pl mio ex C & Decla; Def concise stmt ex 1)

From 1967 to 1994 Plaintiff was employed by Oahu Sugar Company for 27 years working in tire maintenance and preventative maintenance. Plaintiff also held the position of Tire Shop Leader with duties including repair and maintenance of tires on all vehicles and equipment in the shop and field; performing scheduled maintenance on all vehicles and equipment including oil and filter changes; inspecting and lubricating chassis components; and conducting training of new employees. (Def concise stmt ex 5; Pl mio Decla)

On 1/23/02 Plaintiff received a full-time "temporary" one year appointment as a Mobile Equipment Servicer WG-5806 working at the Hickam Air Force Base in Honolulu, Hawaii. (Def concise stmt ex 1; Pl mio decla)

On 8/11/02 Plaintiff's SF-50 rated Plaintiff's performance as a temporary Mobile Equipment Servicer WG-5806 as "[w]ork performance at an acceptable level of competence." (Pl mio ex B)

On 10/3/02 Plaintiff received a mid-year Civilian Progress Review Worksheet which rated his work successfully, with a written comment by his immediate supervisor Randall Nunes which stated, "Good Job!" (Def concise stmt ex 3)

From 3/14/03 to 3/20/03 Plaintiff's Mobile Equipment Servicer WG-5806 position, as a "permanent" status, was posted as a Vacancy Announcement. (Def concise stmt ex 4)

Plaintiff applied for the "permanent" Mobile Equipment Servicer WG-5806 position and submitted his resume, which included the work he performed in the "temporary" position right before the Vacancy Announcement was posted. (Def concise stmt ex 5)

In a letter dated April 7, 2003 Plaintiff was notified that Christopher Vargas, age 25, was hired for the permanent Mobile Equipment Servicer position instead of Plaintiff, age 53. (Def concise stmt ex 6)

Upon receiving Supervisor Randall Nunes letter dated April 7, 2003, Plaintiff telephoned Supervisor Nunes who told Plaintiff that he "hired the most qualified person for the job." (Pl mio Decla)

On May 4, 2003 Christopher Vargas, age 25, began working in the permanent Mobile Equipment Servicer WG-5806 position. (Def concise stmt #11)

In April-May 2003, Plaintiff's co-worker Michael Oyadomori informed Plaintiff that he asked Supervisor Randall Nunes why he hired Christopher Vargas who was inexperienced for the Mobile Equipment

Servicer WG-5806 position. Supervisor Randall Nunes replied "[w]ell the guy younger and he's married, got family." (Pl mio ex F, p42)

In April 2003 Plaintiff reported the age discrimination to:
1. Tonya Stels - Hickam Air Force Base Hiring Office,
2. Federal Job Information 541-2791 (recording),
3. Department of Veterans Affairs,
4. Hickam Air Force Base Civilian Personnel Employment Office "Greg",
5. Hickam Air Force Base Civilian Personnel Employment Office "Beverly",
6. Supervisor Randall Nunes,
7. Work Links Veterans Outreach Program, Melody Hudson,
8. Labor & Hiring Office, Gill Hough,
9. Senator Daniel Akaka,
10. Senator Daniel Inouye,
11. Congressman Ed Case,
12. Congressman Neil Abercrombie.

(Pl mio ex D; Decla Pl)

## II. "REBUTTAL" EVIDENCE IS PART OF PLAINTIFF'S PRIMA FACIE CASE

"To establish a prima facie case of discrimination, the plaintiff must show that 1) she belongs to a protected class, 2) her job performance was satisfactory, 3) she was terminated, and 4) her position was filled by an individual of comparable qualifications not in the protected class." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "An employer may rebut an employee's claim by producing evidence of a

4

legitimate, nondiscriminatory reason for the employee's termination." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). "Once an employer has rebutted the claim, a plaintiff must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Burdine* 450 U.S. at 253. Plaintiff may meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256.

In this case, Defendant alleges that Plaintiff was not hired as the "permanent" Mobile Equipment Servicer WG-5806 job because:

> Mr. Nunes' reason for not selecting the Plaintiff was his prior ***poor work performance*** and ***insubordinate attitude***.

(See Def msj p10, emphasis added)

> Defendant's legitimate nondiscriminatory reason for not selecting the Plaintiff for the permanent position was based on his prior ***work performance*** The Plaintiff had previously occupied a WG-5806 Mobile Equipment Servicer temporary position not to exceed one year. His direct supervisor while in that position was Mr. Randall Nunes. There are documented instances of ***insubordination*** on the part of the Plaintiff culminating in a ***low performance*** feedback, documented on an Air Force Form 860B on October 31, 2002.

See Def msj p9, emphasis added)

In support of its explanation for not hiring Plaintiff, Defendant points to a singular piece of evidence - an Air Force Form 860B dated October 31, 2002 prepared by Plaintiff's immediate supervisor Randall Nunes, the

selecting official that Plaintiff alleges committed the age discrimination against him. Surprisingly, Defendant's only piece of documentary evidence that allegedly proves that Plaintiff had "poor work performance" an "insubordinate attitude" and had a "low performance feedback" rates Plaintiff in the middle range. (Ex "A") The document also shows that Supervisor Nunes noted, "Has met required skill level. Good Job!" (Ex "A") No other document was produced by Defendant to prove its false explanation for not hiring Plaintiff. This is evidence that Defendant's proffered explanation for not hiring Plaintiff is pretext for unlawful age discrimination. If Defendant's explanation is true, why didn't Supervisor Nunes document a single incident of alleged "poor work performance" or "insubordinate attitude" or "low performance feedback"? The answer is obvious, because no such incidents existed.

  As further evidence that Defendant's explanation for not hiring Plaintiff is pretext for unlawful age discrimination is the fact that in another employee's case - Christopher Vargas, the same supervisor -- Supervisor Nunes detailed each incident at work involving Mr. Vargas. This is further evidence that the reasons given by Supervisor Nunes are not true reasons, as he did not document a single incident at work involving Plaintiff, as he did with employee Christopher Vargas. Supervisor Nunes documented in minute written detail incidents involving Mr. Vargas including insubordination against Supervisor Nunes, just as Supervisor Nunes alleged against Plaintiff:

4/30/04  "interview with employee, alleges Mr. Ace Suares-Haae threatened him verbally, after careful review of all statements and actions (threatening case, employee and Mr. Soares agree to dissolve this case due to misunderstanding between each

6

| | |
|---|---|
| | other" |
| 1/12/05 | "counseled employee on loosing his temper (ie...swearing, challenging my authority about his taking leave)" |
| 4/12/05 | "review 860A feedback w/ employee (continues to work on temper control & directives)" |
| 5/12/05 | "counseled employee about anger management incident w/ Ace Suares-Haae 5/12/05" |
| 5/19/05 | "issued letter for counseling and brief employee on proper conduct" |

(Ex B)

Supervisor Nunes also issued Christopher Vargas a written "Record of Counseling" for:

> SUBJECT: Inappropriate Conduct in the Workplace
>
> REASON FOR COUNSELING: Mr. Christopher Vargas is being counseled for inappropriate conduct in the workplace. On May 12, 2005, I was informed of a verbal shouting match that had occurred between you and Mr. Eassie Soares-Haae. My investigation of the incident revealed that after Mr. Soares-Haae persistently questioned you in an apparent annoying manner (regarding whether you were going to Physical Training), you then swore at him, using the 'F' word. For example, you told me that you finally got mad at him after telling him not to worry about it so you told him to 'Get the 'F' out of here.' After you swore at him, the argument escalated into a shouting match with both of you yelling at each other and denying fault.
>
> CORRECTIVE ACTION NEEDED: Verbal altercations, name calling, and swearing at co-workers will not be tolerated. You must get control of your temper and interact appropriately with your co-workers. A little understanding of how the other person perceives your words (and manner in which the words are said) will go

>a long way in assisting with appropriately responding to others. Considering other means of getting your point across, or backing off your position, will help to keep
>
>situations from escalating. I will be happy to work with you in trying to find acceptable methods of dealing with irritating situations at work so that similar incidents will not occur in the future.
>
>It is imperative that you show improvement in the above. Further misconduct may result in disciplinary action being taken.

[Ex C]

Supervisor Nunes took the time to prepare detailed written documentation of incidents involving employee Christopher Vargas. Supervisor Nunes did *not* prepare a single written document of his allegations against Plaintiff. Only later, after Plaintiff filed an EEO complaint and lawsuit, did Supervisor Nunes begin making verbal allegations of undocumented incidents involving Plaintiff. The evidence of Supervisor Nunes practice of creating written documentation of incidents at work, demonstrates that he is lying about Plaintiff having incidents at work in order to explain why he hired a younger, less qualified 25-year old for a job that Plaintiff had at least 26 years of experience performing.

Thus, rebuttal evidence that Defendant's explanations for not hiring Plaintiff are false and not to be believed, is part of Plaintiff's prima facie case, and absolutely essential to his proof of age discrimination. It is *not* being introduced to establish that Christopher Vargas had work related problems as Defendant incorrectly alleges.

## III. CONCLUSION

Since Supervisor Nunes explanations for not hiring Plaintiff were never documented in writing, evidence that he documents similar incidents in writing for other employees is proof that the incidents he alleges against Plaintiff never occurred, and are therefore false pretexts for unlawful age discrimination. Rebuttal evidence is part of Plaintiff's prima facie case and is therefore admissible evidence.

DATED:   Honolulu, Hawaii, January 24, 2006.

_____
VENETIA K. CARPENTER-ASUI
Attorney for Plaintiff
PETER SEBALA

9