VENETIA K. CARPENTER-ASUI
A Law Corporation

VENETIA K. CARPENTER-ASUI   6901
Haseko Center
820 Mililani Street, Suite 812
Honolulu, Hawaii 96813
Telephone: (808) 523-6446
Facsimile: (808) 523-6727

Attorney for Plaintiff
PETER G. SEBALA

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 17 2006

at __ o'block and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER G. SEBALA, | ) | Civil No. 04-00404 SPK-LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S CLOSING |
| | ) | ARGUMENT; |
| vs. | ) | DECLARATION OF |
| | ) | COUNSEL; EXHIBIT A; |
| JAMES G. ROCHE, DR., | ) | CERTIFICATE OF SERVICE |
| SECRETARY OF THE AIR | ) | |
| FORCE, | ) | |
| | ) | Trial |
| Defendants. | ) | Date: February 7, 2006 |
| | ) | |

**PLAINTIFF'S CLOSING ARGUMENT**

PETER G. SEBALA ("Plaintiff") hereby files Plaintiff's Closing Argument pursuant to the Court's Minute Order dated April 3, 2006.

I.  **PLAINTIFF'S CLOSING ARGUMENT**

Plaintiff's evidence during the trial in this case clearly proved his legal claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

A.  **Element #1, Plaintiff was 54 years old when not hired as a Mobile Equipment Servicer on 5/4/03**

Plaintiff proved the first element of his prima facie ADEA claim -- that he was a protected person at the age of fifty-four (54) years of age on May 4, 2003, when he was not hired as a permanent Mobile Equipment Servicer. Plaintiff was age 54 on May 4, 2003 (ex A, p 1-162), Plaintiff's DD-214 Armed Forces of the U.S. Report of Transfer or Discharge confirms that Plaintiff's birthdate is April 1, 1971 (Pl trial ex 58), and Defendant did not dispute that Plaintiff was 54 years old when Defendant selected a 25 year old for the position instead.

B.  **Element #2, Plaintiff proved that he was qualified for the position of Mobile Equipment Servicer on 5/4/03**

Plaintiff proved the second element of his prima facie ADEA claim -- that he was qualified for the position of permanent Mobile Equipment Servicer on the date he was not hired 5/4/03. It was undisputed that:

1)  Plaintiff had 25 years of experience working at Oahu Sugar Company from approximately 1964 to 1994, which included 26-27 years (ex A p 1-162, lines 21-24) of working with tires and heavy vehicles, repairing and fixing, recapping tires, dismounting, mounting flats, working with heavy equipment, troubleshooting; working on: graders, crawlers, tractors with rubber tires, training new employees on safety, operating jacks, electrical tools, plows, earth movers, records,

2

stocking, parts, and repairing (ex A p 1-163 lines 7-16) including holding the position of Tire Shop Leader (ex A p 1-164 lines 5-13, trial exhibits 75-61 to 75-63);

2) Plaintiff was hired by Defendant for the temporary Mobile Equipment Servicer WG-5806 job from 1/23/02 to 1/22/03 and therefore was deemed qualified by Defendant (ex A p 1-167 lines 3-10; trial exhibit 8) with duties that included repairing tires, installing tires, mounting and dismounting tires, recapping tires, stocking, safety equipment; working on buses, rubber tire tractors, forklifts, duce-and-a-halves (2 and a half ton vehicles), three-quarter tons (3/4 ton vehicles), loading equipment, graders, Perterbilts, and anything rubber made (ex A p 1-167 lines 11-18); trial exhibit 12); and

3) during the one year that Plaintiff held the temporary Mobile Equipment Servicer WG-5806 position he was never disciplined for any form of wrongdoing (ex A p1-7 lines 13-16) and received acceptable job performance ratings while employed by Defendant from Supervisor NUNES who wrote on Plaintiff's evaluation "[h]as met required skill level. Good Job!" (ex A p 1-19 lines 3-19, trial exhibit 75-86)

## C. Element #3, Plaintiff proved that he was not hired by Defendant for the Mobile Equipment Servicer job on 5/4/03

Plaintiff proved the third element of his prima facie case -- that he was not hired by Defendant on 5/4/03 for the permanent Mobile Equipment Servicer WG-5806 job, and instead, Supervisor NUNES hired Chris Vargas, age twenty-five (25), a younger, less experienced person. (Ex A, p 1-27

3

lines 16-19, trial exhibit 31)  Defendant did not dispute that Plaintiff was not hired for the permanent Mobile Equipment Servicer job.

### D. BURDEN OF PRODUCTION SHIFTED TO DEFENDANT

Once Plaintiff established his prima facie case at trial, the burden of production then shifted to Defendant to "produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Burdine supra* at 254, 101 S.Ct. 1089. "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *St. Mary's Honor supra* at 509, 113 S.Ct. 2742. "The trier of fact may consider the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom... on the issue of whether the defendant's explanation is pretextual.'" *Burdine supra* at 255, n. 10, 101 S.Ct. 1089.

"[I]t is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." 530 US AT 147. "[T]he trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" *Wright v. West*, 505 US 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992).

Once Plaintiff proved his prima facie case at trial, the burden of production shifted to Defendant to articulate a non-discriminatory reason for its adverse employment decision.  At trial, Supervisor NUNES testified that

4

he selected Christopher Vargas (age 25) instead of Plaintiff (age 54) because of:

1. Supervisor NUNES testified that he hired Christopher Vargas (age 25) instead of Plaintiff (age 54) based on "the qualifications for one thing, you know, work experience, how much experience they have concerning the job." (Ex A p1-34 lines 13-20) Nevertheless, Supervisor NUNES admitted that at the time he hired Plaintiff for the temporary Mobile Equipment Servicer job he was informed that Plaintiff had 26-27 years of experience working at Oahu Sugar Company in the tire maintenance shop. (Ex A p 1-7 lines 5-8) Supervisor NUNES also admitted that Christopher Vargas was only 25 years old and had six years of experience working, therefore Plaintiff had more years of work experience than Christopher Vargas had been alive. (Ex A p 1-36 lines 5-7)

2. Supervisor NUNES testified that he hired Christopher Vargas (age 25) instead of Plaintiff (age 54) after considering "the whole picture. The whole--the whole individual...They were kind of like almost even." (Ex A p 1-35 lines 1-6) Later, Supervisor NUNES changed his testimony and admitted that Plaintiff had "20-plus years" of experience (Ex 1-35 lines 22-24) while Christopher Vargas had "about six years." (Ex A p 1-36 lines 5-7)

3. Supervisor NUNES testified that he selected Christopher Vargas (age 25) instead of Plaintiff (age 54) based on "the elements of the job description." (Ex A p1-37 lines 1-4) Supervisor NUNES testified that Christopher Vargas worked at "two tire companies... on the mainland." (Ex A p 1-37 lines 18-21) Supervisor NUNES subsequently admitted that Christopher Vargas did not work at two

5

tire companies, and in fact worked instead in "auto body paint shops." (Ex A p1-38 lines 3-5)  Christopher Vargas testified that at the age of 12 he worked for his step-father helping-out in his auto body paint shop after school.  (Ex A p1-126 lines 3-6) Supervisor NUNES admitted that when Christopher Vargas "worked in the auto body paint shops, he did automobile painting."  (Ex A p 1-39 lines 2-4)  This "painting" experience was the experience Supervisor NUNES relied on for the selection of Christopher Vargas as more qualified than Plaintiff who actually worked in a tire shop for 27-28 years.  Nowhere in the Mobile Equipment Servicer job description did it call for "painting" work.  [Trial exhibit 12]

4. Supervisor NUNES testified that he selected Christopher Vargas (age 25) instead of Plaintiff (age 54) because "Mr. Vargas worked in various equipment doing various type of work.  And in that sense, yes, he is superior to Sebala if Sebala only stayed in one place for 20-plus years."  (Ex A, p 1-38 line 20 to p1-39 line 1)  Christopher Vargas testified that he worked at various jobs including performing security guard work, and work as a customs broker (Ex A p1-91 lines 11-12; p1-95 lines 1-5)  How these jobs made him "superior" to Plaintiff's qualifications, was never explained by Supervisor NUNES.

5. Supervisor NUNES testified that he selected Christopher Vargas (age 25) instead of Plaintiff (age 54) because of "how his relationship with management, how is his relationship with fellow workers."  (Ex A p1-34 lines 23-24)  Yet Supervisor NUNES admitted that he wrote up Christopher Vargas for insubordination against Supervisor

NUNES. (Ex A p1-43 line 24 to p1-44 line 1-2; p1-44 lines 13-16) Supervisor NUNES admitted that Christopher Vargas used the "F-word" to Supervisor NUNES. (Ex A p1-44 line 25 to p1-45 line 1) Supervisor NUNES admitted that Christopher Vargas "blew up" to Acting Supervisor Ace Suares and "used the F-word" and "lost his temper." (Ex A p1-46 lines 9-25; p1-47 line 1) Supervisor NUNES "wrote up" Christopher Vargas for insubordination against his supervisors. (Ex A p1-48 lines 5-9; trial exhibits 9-a and 10) Supervisor NUNES admitted that Plaintiff never used the "F-word" or was disciplined during his employment. (Ex A p1-47 lines 3-4)

E.  **Defendant's explanation was pretext for unlawful age discrimination**

Clearly, as established above, Defendant's proffered explanations for not hiring Plaintiff were pretexts for unlawful age discrimination. The following are reasons why Defendant's explanation is unsupported by the evidence:

1. when Plaintiff telephoned Supervisor NUNES upon receiving the letter informing Plaintiff that he was not hired, Supervisor NUNES replied, "I hired the most qualified person for the job." (Ex A p 1-189 line 18 to p 1-190 line 2) This is clearly pretext for age discrimination as Plaintiff had 27-28 years of experience working for Oahu Sugar Company from 1967 to 1994 working in tire maintenance and preventative maintenance. Plaintiff also held the position as Tire Shop Leader with duties including repair and maintenance of tires on all vehicles and equipment in the shop and field; performing scheduled maintenance on all vehicles and equipment including oil and filter changes; inspecting and lubricating chassis components;

7

and conducting training of new employees. Additionally, Defendant hired Plaintiff for the temporary Mobile Equipment Servicer WG-5806 position for the previous year as a temporary hire, thus giving him 28 years of experience. Supervisor NUNES instead hired Christopher Vargas, age 25. Plaintiff had more years of work experience in this field, than Christopher Vargas had been alive.

2. As further evidence of pretext, Defendant produced no evidence that Plaintiff was not performing his job as a one-year appointment Mobile Equipment Servicer WG-5806 properly. In fact, the documentary evidence submitted by Defendant proves that Plaintiff was performing well. On 8/11/02 Plaintiff's SF-50 rated Plaintiff's performance as a temporary Mobile Equipment Servicer WG-5806 as "[w]ork performance at an acceptable level of competence." (Ex A Pl trial ex 75-83) Additionally, on 10/3/02 Plaintiff received a mid-year Civilian Progress Review Worksheet which rated his work successfully, with a written comment by Supervisor NUNES which stated, "[h]as met required skill level. Good Job!" (Trial exhibit 75-86)

3. As further evidence of pretext, Supervisor NUNES admitted at trial that Mike Oyadomori who had been assigned to "train" Christopher Vargas informed Supervisor NUNES that Christopher Vargas was "inexperienced and was unable to handle the tire changing machine." (Ex A, p1-55, lines 10-13) Supervisor NUNES also admitted that Christopher Vargas testified that it took him almost three months to get control of the tire-changing machine. (Ex A p 1-55 line 25 to p1-56 line 3)

4. As further evidence of pretext, Supervisor NUNES told Michael Oyadomori that he hired Christopher Vargas (age 25) instead of Plaintiff because "the guy younger and he's married, got family." (Ex A, p1-135 line 23 to p1-136 line 6; p1-136 line 24 to p1-137 line 1)

5. As further evidence of pretext, Supervisor NUNES admitted that it was in his best interest to deny making the statement that he selected Christopher Vargas over Plaintiff because of his age when he responded to the question -- "I guess so, yes." (Ex A p1-54 lines 1-4)

6. As further evidence of pretext, Supervisor NUNES admitted that knowing he was the "selecting official" for the permanent Mobile Equipment Servicer position, he twice approached Christopher Vargas and asked him to apply for the permanent position and to go to the website and put his application in. (Ex A p1-25 line 22 to p1-26 line 13.) Supervisor NUNES also admitted that he did not inform Plaintiff or the other one-year temporary employee Ron Yamashita, whose position also ended, about the permanent Mobile Equipment Servicer position that opened up, despite having their contact information in his files. Supervisor NUNES testified that he didn't think he had to inform them, despite twice approaching Christopher Vargas about applying. (Ex A p1-26 lines 14-23; p1-27 lines 9-15)

7. As further evidence of pretext, Supervisor NUNES admitted that he did not interview all of the applicants for the permanent Mobile Equipment Servicer position. (Ex A p 1-27 lines 16-21) Christopher Vargas testified that he was called by Supervisor NUNES for a job interview two weeks before Supervisor NUNES hired him for the job. (Ex A p1-101 lines 13-23)

8. Supervisor NUNES testified that he is unable to determine which man is older - Plaintiff (age 54) or Christopher Vargas (age 25), despite Plaintiff being more than double the age of Christopher Vargas. This testimony is unbelievable and demonstrates just how far Supervisor NUNES will go to defend himself against this age discrimination claim. (Ex A, p1-24, lines 11-25)

In light of all of the above, Plaintiff has satisfied eache and every element to prove his case of age discrimination under the ADEA and this Court should find for Plaintiff.

DATED: Honolulu, Hawaii, April 17, 2006.

_____
VENETIA K. CARPENTER-ASUI
Attorney for Plaintiff
PETER SEBALA