FILED

JUN 20 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER G. SEBALA,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>RANDELL NUNES,<br><br>　　　　Defendant,<br><br>　and<br><br>JAMES G. ROCHE, Dr.,<br><br>　　　　Defendant - Appellee. | No. 06-16484<br><br>D.C. No. CV-04-00404-SPK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, District Judge, Presiding

Submitted June 17, 2008[**]
Honolulu, Hawaii

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

Peter Sebala appeals the judgment entered in favor of the Secretary of the Air Force following a bench trial on his claim under the Age Discrimination in Employment Act, 29 U.S.C. § 633a. We affirm.

The trial focused on the issue whether the Air Force's proffered reason for hiring Christopher Vargas rather than Sebala was pretextual, and whether there was sufficient evidence of unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142-43 (2000). The district court's conclusion that the Air Force had ample non-discriminatory reasons for hiring Vargas instead of Sebala was not clearly erroneous.

While Sebala did have tire maintenance experience, Randall Nunes, who made the decision, testified that he hired Vargas based on superior work ethic, attitude, and ability to relate to others. Vargas had some experience working on tires. Sebala had been involved in two instances of insubordinate conduct before the hiring decision, whereas Vargas's conduct only triggered disciplinary action after the hiring decision. Having heard Nunes on the stand, the court found that his midterm evaluation of Sebala was primarily an attempt to encourage Sebala. In any event, Sebala's performance ratings were lower than Vargas's. Finally, the court held that the Air Force's reasons for hiring Vargas were not pretextual. The

court found that Oyadomori's testimony was less reliable than Nunes's testimony. This credibility determination is well supported given contradictions in statements that Oyadomori made under oath, his shaky memory, and his potential for bias on account of past discipline from Nunes.

In light of these findings, the court could conclude that, even though Sebala established a prima facie claim, he failed to prove by a preponderance of the evidence that the Air Force intentionally discriminated against him on the basis of age.

AFFIRMED.